J-S08013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EARL DOUGLAS WALKER, JR. | : | |
| | : | |
| Appellant | : | No. 494 MDA 2021 |

Appeal from the PCRA Order Entered March 11, 2021
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0004910-2018

BEFORE:  BOWES, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY BOWES, J.:                    **FILED:  MARCH 15, 2022**

Earl Douglas Walker, Jr. appeals *pro se* from the order that dismissed as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

On February 13, 2019, Appellant entered open guilty pleas to several crimes, including burglary, conspiracy, robbery, and aggravated assault in connection with an armed invasion of an occupied home in Lancaster County committed with another adult and two juveniles.  Appellant, facing a possible maximum sentence of 133 years of incarceration, opted to proceed directly to sentencing and received an aggregate sentence of sixteen to thirty-two years. Appellant did not file post-sentence motions or a direct appeal.

The docket reflects that on June 19, 2020, the clerk of court's received a *pro se* PCRA petition which Appellant apparently sent on June 16, 2020.

Therein, Appellant claimed that counsel was ineffective in that he could have entered a negotiated plea rather than an open one, and complained that his sentences should have all been concurrent to each other and his parole violation. *See* PCRA Petition, 6/16/20, at 4. Appellant further alleged that his petition was "being filed *nunc pro tunc* as a result of the institutional law library being closed for the past few months due to the coronavirus pandemic and [Appellant] could not use the law library." *Id*. at 3 (unnecessary capitalization omitted).

Counsel was appointed and moved to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Specifically, counsel opined that Appellant's June 16, 2020 PCRA petition was untimely filed with no applicable timeliness exceptions, as it had been due on or before March 16, 2020, and the emergency pandemic mitigation measures did not commence until after that date. *See* Motion to Withdraw, 9/22/20, at 2-3. Counsel alternatively indicated that withdrawal was appropriate because the claims Appellant wished to raise were meritless. *Id*. at 5-9.

The PCRA court permitted counsel to withdraw and issued notice of its intent to dismiss the petition as untimely. *See* Pa.R.Crim.P. 907 Notice, 11/20/20, at unnumbered 5-6. Although counsel was permitted to withdraw, the clerk of courts served this filing on counsel and not Appellant, and Appellant did not respond to the notice. The PCRA court dismissed Appellant's

petition on March 10, 2021, and Appellant filed a timely notice of appeal. The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement and he did not comply. However, we remanded to allow Appellant to file a statement because the PCRA court's order had not been properly docketed and served.[1] Appellant filed his statement, and also the sworn statement of fellow-inmate Bruce Wishnefsky in support of the timeliness allegations raised in Appellant's PCRA petition.

We subsequently remanded a second time for the PCRA court to provide Appellant with portions of the record necessary for preparing his appellate brief. Appellant eventually filed his brief, and the Commonwealth indicated that it would not file one of its own. Accordingly, the appeal is ripe for disposition.

Appellant states the following questions for our consideration, which we have renumbered for ease of disposition:

> 1. Whether PCRA counsel was ineffective when she filed a "no merit" letter that said, without evidentiary support, that Appellant's PCRA petition was not timely when it referenced her unsupported belief that inmates had access to the prison law library through March 29, 2020?
>
> 2. Whether the [PCRA] court erred in the June 4, 2021, Memorandum when it ignored Paragraphs 4 and 5 of the Wishnefsky affidavit, which explained that the SCI Laurel Highlands law library was closed on March 16, 2020.

---

[1] Indeed, the docket indicates that service continued to be made upon withdrawn counsel and not upon Appellant at all times through the assignment of this appeal to the instant panel of this Court.

3. Whether the [PCRA] court erred in the June 4, 2021, Memorandum when it held that Appellant's claims failed to satisfy any of the PCRA time bar exceptions, when the improper obstruction by government officials exception applied, due to the closing of the courts by the Pennsylvania Supreme Court and the unscheduled closing of the SCI Laurel Highlands law library?

4. Whether PCRA counsel was ineffective when she filed a "no merit" letter which failed to allege the Appellant's guilty plea was unknowing when plea counsel failed to advise Appellant that there was a defense to the burglary charge if the premises were open to the public to purchase marijuana?

5. Whether PCRA counsel was ineffective when she filed a "no merit" letter that said consecutive sentences for burglary and robbery were appropriate, even though no burglary took place?

Appellant's brief at 2.

We begin with a review of the applicable legal principles. "The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." *Commonwealth v. Cruz*, 223 A.3d 274, 277 (Pa.Super. 2019) (cleaned up). "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

It is well-settled that, "[b]ecause the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition, we must start by examining the timeliness of Appellant's petition." *Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa.Super. 2014). Indeed, "no court has jurisdiction to hear an untimely PCRA petition."

*Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa.Super. 2019).  The

PCRA provides as follows regarding the time for filing a petition:

> Any petition [filed pursuant to the PCRA], including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).  Further, a petition invoking a timeliness exception

"shall be filed within one year of the date the claim could have been

presented."  42 Pa.C.S. § 9545(b)(2).

Appellant was sentenced on February 13, 2019.  His judgment of

sentence became final thirty days later, *i.e.*, on Friday, March 15, 2019, when

he failed to file a direct appeal.  In order to file a timely PCRA petition, he thus

had to give it to prison authorities for mailing on or before Monday, March 16,

2020.[2] The cover letter accompanying Appellant's PCRA petition is dated June 16, 2020. Accepting that as the earliest possible filing date,[3] Appellant's petition was three months late.

Appellant contends that his petition must be deemed timely filed pursuant to the 42 Pa.C.S. § 9545(b)(1)(i) governmental-interference exception both because of the unscheduled closing of the prison law library and because of the Supreme Court's closure of the courts due to the pandemic. He asserts that there is no evidentiary basis for counsel's representation in the **Turner**/**Finley** letter that the law library remained opened to inmates until the March 29, 2020 prison quarantine, and that the PCRA court in its independent review overlooked portions of the affidavit he produced which contradicted counsel's understanding. **See** Appellant's brief at 8, 10-12.

We disagree. We first observe that counsel properly concluded that Appellant's petition was not timely filed pursuant to our Supreme Court's emergency judicial orders issued at the outset of the COVID-19 pandemic. As this Court recently detailed, the ultimate collective import of those orders is

---

[2] **See** 1 Pa.C.S. § 1908 (providing that weekend days and legal holidays are excluded from the computation of the time period for a filing when the last day of the time period falls on a weekend or legal holiday).

[3] Pursuant to the prisoner mailbox rule, "a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." **Commonwealth v. Kennedy**, 266 A.3d 1128, 1132 n.8 (Pa.Super. 2021). Since Appellant signed his document June 16, 2020, that is the earliest date on which he could have delivered it for mailing.

that any document which was required to have been filed between March 19, 2020, and May 8, 2020, would be deemed to have been timely filed if they were filed before the close of business on May 11, 2020. **See** **Commonwealth v. Woolstrum**, ___ A.3d ___, 2022 PA Super 34, 2022 WL 570880 at *2-3 (Pa.Super. Feb. 25, 2022). Since Appellant's brief was due before March 19, 2020, and he filed it after May 11, 2020, the emergency orders have no bearing on the timeliness of his filing.

Moreover, the verified statement of Bruce Wishnefsky does not support a conclusion that the closure of the law library thwarted Appellant's efforts to timely file his PCRA petition.[4] Mr. Wishnefsky indicated that at 6:00 p.m. on March 16, 2020, all the inmates in Appellant's D-Unit were recalled to the D-Unit, that there was no subsequent announcement calling inmates to the law library that day even though Mr. Wishnefsky had signed up for the evening session, and that the restrictions on legal research continued until July 19, 2020. **See** Notice of Filing Affidavit in Support of PCRA Petition, 4/14/21, at 1-2.

Accepting these averments as true, they afford Appellant no relief. As indicated above, Appellant's PCRA petition had to be filed on or before March

_____

[4] Appellant did not produce Mr. Wishnefsky's statement until after his petition was dismissed and the case was on remand from this Court. Nonetheless, we consider it given that the PCRA court's Pa.R.Crim.P. 907 notice, which would have prompted Appellant to produce it earlier, was improperly docketed and served in the same breakdown of court processes as the Pa.R.A.P. 1925(b) order, which was what necessitated the remand in the first place.

16, 2020. Appellant does not contend that he had been prepared to file his petition on March 16, but because the law library became unavailable as of 6:00 that evening, he was unable to do so. Indeed, he offers no explanation of how the law library closure on the due date for the filing affected his ability to mail it. Moreover, since Appellant ultimately mailed the petition on June 16, 2020, even though, according to Mr. Wishnefsky, law library access did not resume until July 19, 2020, library access was plainly not essential to Appellant's ability to mail his petition.

Therefore, we agree with the PCRA court that neither of the reasons proffered by Appellant justifies the late filing of his PCRA petition. Since his petition was untimely, neither the PCRA court nor this Court has jurisdiction to entertain his substantive claims. Accordingly, no relief is due.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/15/2022