J-S38023-21

2022 PA Super 34

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| BRIAN S. WOOLSTRUM, | : | |
| | : | |
| Appellant | : | |
| | : | |
| | : | No. 341 WDA 2021 |

Appeal from the PCRA Order Entered February 8, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0015705-2017

BEFORE: BENDER, P.J.E., DUBOW, J., and COLINS, J.*

OPINION BY DUBOW, J.: **FILED: FEBRUARY 25, 2022**

Appellant, Brian S. Woolstrum, appeals from the Order dismissing his first Petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. He avers that the PCRA court erred in dismissing his petition as untimely because he filed it within one year of the date that he withdrew his direct appeal. This contention has no basis in fact or law. We, thus, affirm.

The trial court aptly summarized the relevant background of this case as follows:

> On April 13, 2018, a jury convicted Appellant [ ] of one count each of Indecent Assault-Persons Less than 13 Years of Age, Indecent Assault-Person Less than 16 years of Age, Corruption of Minors, and Furnishing Alcohol to Minors. This [c]ourt sentenced Appellant on July 26, 2018[,] to fifteen to thirty months of incarceration. Appellant filed a Notice of Appeal on August 20,

---

* Retired Senior Judge assigned to the Superior Court.

> 2018[,] and a Statement of Matters Complained of on September 5, 2018.
>
> On May 14, 2019, Appellant voluntarily discontinued his appeal.
>
> Appellant filed a [counseled PCRA] Petition on June 16, 2020, [alleging ineffective assistance of trial counsel] which[, after issuing a Pa.R.Crim.P. 907 Notice,] this [c]ourt dismissed as untimely filed without exception on February 5, 2021.[1]
>
> Appellant filed a Notice of Appeal on March 5, 2021[,] and a Concise Statement of Errors Alleged on Appeal on March 31, 2021.

PCRA Ct. Op., dated May 11, 2021, at 2 (paragraph breaks added).

> Appellant raises the following issue for review:
>
> Under the [PCRA], does a trial court commit error by dismissing a PCRA Petition when the same is filed within one year of the final judg[]ment?

Appellant's Br. at 7.

Our Supreme Court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, courts lack jurisdiction over the petition. **Commonwealth v. Wharton**, 886 A.2d 1120, 1124 (Pa. 2005); **see also Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa. Super. 2014) (holding courts do not have jurisdiction over untimely PCRA petitions).

---

[1] In response to the court's Rule 907 Notice, Appellant filed an "Amended PCRA Petition," citing the Supreme Court's May 28, 2020 Amended Fifth Judicial District Emergency Operations Plan. In his response, Appellant asserted that his June 16, 2020 filing should have been deemed timely because the Emergency Operations Plan suspended filing deadlines until June 1, 2020. We set forth the relevant portions of the May 28, 2020 Order, *infra*.

In order to be timely filed, a PCRA petition must be filed within one year of when an appellant's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S. § 9545(b)(3). When an appellant voluntarily withdraws his direct appeal, his judgment of sentence becomes final on the date of the withdrawal. *Commonwealth v. DiVentura*, 734 A.2d 397, 399 (Pa. Super. 2000).

Here, Appellant withdrew his direct appeal on May 14, 2019. Thus, for purposes of the PCRA's timeliness requirements, Appellant's judgment of sentence became final that same day, May 14, 2019. Therefore, Appellant had until May 14, 2020, to file a timely PCRA Petition. Appellant's petition, filed electronically on June 16, 2020, is patently untimely.

Appellant avers here, as he did below, that he withdrew his appeal on May 16, 2019. That is factually incorrect. The docket reveals that his current counsel filed a Praecipe to Discontinue the Appeal from his judgment of sentence on May 14, 2019. The record reveals that this Court entered a certification of discontinuance to the lower court that same day.

Appellant also asserts that his judgment of sentence did not become final until June 16, 2019, 30 days after he contends that he discontinued the appeal, because "time for seeking review did not expire as he was still able to

- 3 -

request reconsideration from the order voluntarily dismissing the appeal within those 30 days." Appellant's Br. at 11. Appellant does not cite to any statute, rule, special order, or case to support this assertion. Appellant does, however, acknowledge the precedential case law holding that a judgment of sentence becomes final the day an appellant discontinues his direct appeal. *Id.*, citing **Commonwealth v. Conway**, 706 A.2d 1243, 1244 (Pa. Super. 1997); **Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa. Super. 2008).

Our research reveals that this settled case law has not been altered by rule or statute. Accordingly, it is indisputable that Appellant's judgment of sentence became final on May 14, 2019, and he, thus, had to file his PCRA petition by May 14, 2020. His PCRA petition filed on June 16, 2020, falls outside the PCRA's one-year time requirement and is, therefore, untimely.

Courts may review the merits of the claims raised in an untimely PCRA petition if the petitioner pleads and proves one of the timeliness exceptions provided in Section 9545(b)(1)(i-iii). Here, Appellant did not assert that any of the PCRA's time exceptions applied.

Rather, as an alternative to his claim that his June 16, 2020, was patently timely, he attempts to rely on the Supreme Court's emergency judicial orders entered in response to the Covid-19 pandemic. The PCRA court determined that these orders provided Appellant no relief. We agree.

Our Supreme Court filed an emergency order on March 16, 2020, which specified that "legal papers or pleadings . . . which are required to be filed

between March 19, 2020, and May 8, 2020, generally shall be deemed to have been filed timely if they are filed by the close of business on May 11, 2020." Since Appellant had until May 14, 2020, to file his PCRA Petition, this emergency order was not applicable to him.

On April 28, 2020, the Supreme Court extended the general, statewide judicial emergency to June 1, 2020, but explicitly stated that the suspensions of time calculations and deadlines indicated in the Court's prior orders "shall remain in effect for the time specified in those orders." Thus, "legal papers or pleadings (other than commencement of actions where statutes of limitations may be in issue) which are required to be filed between March 19, 2020, and May 8, 2020, generally shall be deemed to have been filed timely if they are filed by close of business on May 11, 2020." Emergency Order of Statewide Judicial Administration Applicable from May 1, 2020, through June 1, 2020, Nos. 152 and 153, dated 4/28/2020. In addition, this Order specifically directed that Pennsylvania courts generally shall be open to conduct all court business beginning May 4, 2020.

On May 6, 2020, the Supreme Court entered an order extending the judicial emergency in the Fifth Judicial District through June 1, 2020, including the suspensions of time calculations and deadlines, "subject to constitutional limitations." Order of Court, *In re: Amended Fifth Judicial District Emergency Operations Plan*, No. 23 WM 2020, dated May 6, 2020. Notwithstanding this apparent deadline suspension extension, the May 6th Order also directed that

- 5 -

the judicial emergency "shall NOT [be] use[d] to secure strategic advantage in litigation, including by dilatory conduct." *Id*. at 2. Accordingly, the order specifically vested significant discretion in the individual judges to "determine, on a case-by-case basis, whether a failure to meet a deadline was not directly the result of or affected by the judicial emergency, [ ] and whether the deadline should have been met during the judicial emergency." *Id*. The order provided that the "judge may then take any action deemed appropriate to address the situation." *Id*. at 2.

Here, the PCRA court dismissed Appellant's Petition after concluding that it "is time-barred and no exceptions apply." Order, dated 2/5/21. In its Rule 1925(a) Opinion, the court rejected Appellant's contention that the judicial emergency applied as an exception to the PCRA's time constraints. The court observed:

> While the judicial emergency caused the physical closure of the courthouse, the work of the courts continued, and pleadings were accepted electronically through PACFile. Appellant filed his PCRA Petition electronically through PACFile on June 16, 2020, in the midst of the pandemic, while the courthouse was closed, and has no explanation as to why this pleading could not have been filed approximately one month earlier. In fact, Appellant failed to demonstrate that the judicial emergency in any way affected his ability to file a PCRA Petition. As such, his Petition is untimely without exception.

PCRA Ct. Op. at 4.

We agree with the PCRA court's conclusions. As allowed by the Supreme Court's May 6, 2020 Order, the PCRA court properly exercised its discretion when it concluded that Appellant's late filing "was not directly the result of or

- 6 -

affected by the judicial emergency." Rather, Appellant's late filing was due to flawed and unsupported reasoning that his judgment of sentence became final on June 16, 2019.

In conclusion, Appellant's PCRA petition was untimely filed, and he failed to plead the applicability of any of the PCRA's timeliness exceptions. In accordance with the May 6, 2020 Order, the PCRA court properly exercised its discretion in concluding that Appellant's "late filing was not the result of or affected by the judicial emergency." Thus, the PCRA court properly concluded it did not have jurisdiction to address the merits of Appellant's ineffective assistance of counsel claims. This Court, likewise, lacks jurisdiction.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/25/2022