J-S08033-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                              :          PENNSYLVANIA
                                              :

            v.                              :
                                              :

SHAWN JONES                         :
                                              :

              Appellant              :     No. 786 MDA 2021

Appeal from the PCRA Order Entered May 19, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0005871-2016

BEFORE:     BOWES, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:               **FILED: JUNE 7, 2022**

Shawn Jones (Appellant) appeals from the order entered in the Dauphin County Court of Common Pleas, dismissing his first, counseled Post Conviction Relief Act (PCRA) petition, as untimely filed 25 days beyond the general one-year filing deadline.[1] On appeal, Appellant avers: (1) the date of the Pennsylvania Supreme Court's denial of his petition for allowance of appeal, on direct appeal, should be construed as the date it was entered as received on the trial docket; (2) in the alternative, PCRA counsel provided ineffective assistance for filing an untimely PCRA petition; and (3) his untimely filing should be excused due to the 2020 COVID-19 pandemic statewide judicial emergency. We affirm.

---

[1] 42 Pa.C.S. §§ 9541-9546 (PCRA). ***See*** 42 Pa.C.S. § 9545(b)(1).

Appellant was found guilty by a jury of first-degree murder and firearms not to be carried without a license.[2] On August 2, 2017, the trial court imposed an aggregate sentence of life imprisonment without parole. Appellant took a direct appeal, and this Court affirmed the judgment of sentence on November 1, 2018. On April 16, 2019, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Jones*, 1679 MDA 2017 (Pa. Super. Nov. 1, 2018) (unpub. memo.), *appeal denied*, 786 MAL 2018 (Pa. Apr. 16, 2019).

For ease of review of this particular appeal, we first consider the PCRA court's calculation of Appellant's general one-year PCRA filing deadline. Following our Supreme Court's denial of allowance of appeal, Appellant had 90 days, or until July 15, 2019, to seek *certiorari* with the United States Supreme Court. *See* Sup.Ct.R. 13. When he did not, his judgment of sentence became final for PCRA purposes on that day. *See* 42 Pa.C.S. § 9545(b)(3) (judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States, or at the expiration of time for seeking the review). The PCRA court properly found Appellant then generally had one year, until July 15, 2020, to file a PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii) (PCRA petition shall be filed within one year of the date the judgment becomes final, unless petition

---

[2] 18 Pa.C.S. §§ 2501(a), 6106(a)(1).

alleges one of three timeliness exceptions); Trial Ct. Mem. Op., 12/1/20, at 8 (PCRA Ct. Op.).[3]  We further note any petition for *habeas corpus* relief is governed by the PCRA time requirements.  42 Pa.C.S.A. § 9542.

On August 7, 2020, Appellant's current counsel, Ilon Fish, Esquire (PCRA Counsel), entered his appearance.  Two days thereafter, on August 9th, PCRA Counsel filed a petition for *habeas corpus*, raising claims of trial counsel's ineffectiveness, as well as a **Brady**[4] violation.  The petition claimed it was **timely** filed, where (1) the "Supreme Court affirmed the Lower Court[']s decision" on "May 8, 2019;" and (2) "the Superior Court affirmed the Lower Court[']s rulings on May 13, 2019."[5]  Appellant's Petition for *Habeas Corpus Relief*, 8/9/20 at 2.  These dates are not, in fact, the correct filing dates of the Superior Court's and Supreme Court's decisions, but rather the dates they

---

[3] This December 1, 2020, opinion was issued in support of the PCRA court's Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing.

[4] **Brady v. Maryland**, 373 U.S. 83 (1963).  "To succeed on a **Brady** claim, the defendant must show: (1) evidence was suppressed by the prosecution; (2) the evidence, whether exculpatory or impeaching, was favorable to the defendant; and (3) prejudice resulted."  **Commonwealth v. Hannibal**, 156 A.3d 197, 209 (Pa. 2016).  **But see** 42 Pa.C.S. § 9543(a)(3) (PCRA petition must plead and prove allegation of error has not been waived); **Hannibal**, 156 A.3d at 209 (**Brady** claims were waived for PCRA review for failure to raise them at trial or on direct appeal).

[5] PCRA Counsel further stated Appellant "had until August 11, 2020 to file a Petition to the Third Circuit Court of Appeals."  Appellant's Petition for *Habeas Corpus Relief* at 2.  He provided no explanation for this deadline nor the relevance of any federal court filing to this matter.  **See id.**

were entered as received by the PCRA court on the trial docket. **See** Criminal Docket at 12-13. In any event, the correct filing dates were clearly set forth within the docket entries, as a part of the title of the filings. **Id.** ("Supreme Court Order 4/16/19 (786MAL2018);" "Superior Court Decision – 11/1/18 (1679MDA2017)"). This *habeas corpus* petition did not plead any of the PCRA's timeliness exceptions. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Next, on September 3, 2020, PCRA Counsel filed a PCRA petition, which did not explicitly acknowledge the lateness of the *habeas corpus* filing, but nevertheless requested reinstatement of his "Appellate/Filing rights." **See** Appellant's PCRA Petition, 9/3/20, at 3. PCRA Counsel argued that "[u]nbeknownst to all parties," the trial docket entry dates were incorrect. **Id.** at 2. This petition likewise did not mention any of the Section 9545(b)(1) timeliness exceptions, but instead vaguely averred, "Counsel files the within PCRA requesting that time limitations for filing. [sic]."[6] **Id.** Finally, the petition stated the Commonwealth did not object to the requested relief.[7] **Id.** at 3.

_____

[6] However, this same petition also continued to argue the request for PCRA relief was "timely filed," based on the same incorrect dates of the Superior Court's and Supreme Court's decisions and the unexplained "August 11, 2020 [deadline] to file a Petition to the Third Circuit Court of Appeals." **See** Appellant's PCRA Petition at 2.

[7] On appeal, however, the Commonwealth argues the PCRA court properly dismissed the *habeas corpus* petition as untimely filed. Commonwealth's Brief at 4.

On December 1, 2020, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss the petitions without a hearing. The court did not reach the merits of Appellant's claims, but instead found the petitions were facially untimely and failed to plead any of the timeliness exceptions. PCRA Ct. Op. at 8-9.

Appellant did not file any response to the Rule 907 notice, and on May 19, 2021, the PCRA court entered the underlying order dismissing the petition. Appellant filed a timely notice of appeal and the trial docket indicates he filed a timely court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal.[8]

Appellant presents six issues for our review:

1. Did the court err and abuse its discretion in failing to consider the PCRA petition as timely?

2. Did the court err and abuse its discretion in failing to approve the subsequent PCRA petition reinstating [Appellant's] filing rights?

3. Did the court err and abuse its discretion in dismissing the PCRA petition where it was argued trial counsel was ineffective in failing to object to the trial court's erroneous jury instructions?

4. Did the court err and abuse its discretion in dismissing the PCRA petition where it was argued that prosecutorial misconduct occurred due to a failure to turn over certain evidence?

_____

[8] The court issued a Rule 1925(b) order on July 6, 2021, directing Appellant to file a concise statement within 21 days. The certified electronic record does not include the statement, but the trial docket indicates Appellant filed one, timely, on July 27th.

5. Did the court err and abuse its discretion in dismissing the PCRA petition where it was argued that trial counsel was ineffective in failing to cross examine certain witnesses regarding previous convictions and pending charges?

6. Did the court err and abuse its discretion in dismissing the PCRA petition where it was argued that trial counsel was ineffective for failing to request a cautionary instruction regarding 404(b) evidence?

Appellant's Brief at 6-7.

"Our standard of review in PCRA appeals is limited to determining whether the findings of the PCRA court are supported by the record and free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 319 (Pa. 2014) (citation omitted). "If a PCRA petition is untimely, courts lack jurisdiction over the petition." **Commonwealth v. Woolstrum**, 271 A.3d 512, 513 (Pa. 2022).

Appellant first avers the PCRA court abused its discretion in finding his PCRA petition was untimely filed. He reiterates that the trial docket dates, rather than the actual filing dates of the appellate courts' decisions, should govern, and thus his petition was timely filed. **See** Appellant's Brief at 16 ("The final judg[ ]ment appearing on the Lower Court's docket was a Superior Court decision that was not timestamped, accepted, and docketed by the Clerk of Courts until May 13th, 2019. . . . Therefore, judg[ ]ment in this matter

was not final until May 13th, 2019 and Appellant filed his first PCRA petition on August 9th, 2020 . . . within the one year and 90 days timeframe.").[9]

Appellant then raises, for the first time, a claim of PCRA Counsel's ineffectiveness:

> As an alternative, if the Court were to determine that undersigned counsel was ineffective in failing to file on time, the Superior Court recently held that defendants may bring new claims of ineffective PCRA counsel. **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021).
>
> *    *    *
>
> Any mistake made by [A]ppellant or undersigned counsel was inadvertent and the Commonwealth suffered no prejudice as a result of the 18 month delay. In fact, the Commonwealth was granted several extensions to file response to the PCRA petitions. In addition, due to the emergency, no evidentiary hearing would have been able to occur regardless if the Court had granted an evidentiary hearing or the petition.[10]

**Id.** at 16-17. Finally, Appellant argues, similarly for the first time, that the COVID-19 pandemic statewide judicial emergency, declared in a Pennsylvania Supreme Court's March 16, 2020, order, "lasted throughout the entirety of

---

[9] This analysis is mistaken; even if the Superior Court decision were issued on May 13, 2019, the judgment of sentence would not, as PCRA Counsel believes, have become final that same day. Instead, the judgment of sentence would have become final when the 30-day appeal period to the Pennsylvania Supreme Court expired, or if applicable, the 90-day appeal period to the United States Supreme Court expired. **See** 42 Pa.C.S. § 9545(b)(3).

[10] It is not clear, and Appellant does not explain, to what this "18 month delay" refers. **See** Appellant's Brief at 16. Additionally, although Appellant provides no clarification of the term, "the emergency," we surmise he is referring to the COVID-19 pandemic.

- 7 -

the procedural history of this matter." ***See id.*** at 13. We conclude no relief is due.

First, we reject Appellant's continued insistence that we should construe the filing dates of the two direct appeal Courts' decisions to be the dates they were entered as received on the trial docket. Appellant provides no authority to support this reasoning, and we have not discovered any. Furthermore, PCRA counsel has provided no explanation, in the PCRA pleadings or on appeal, why he was not able to review the Superior Court and Supreme Court dockets for the correct filing dates. Accordingly, we agree with the PCRA court's finding that Appellant's general one-year filing period ended on July 15, 2020, and his *habeas corpus* petition, filed 25 days later on August 9th, was facially untimely. ***See*** PCRA Ct. Op. at 8. Furthermore, the *habeas corpus* petition did not plead any timeliness exception.

We next review in detail Appellant's September 3, 2020, PCRA petition. This pleading likewise did not invoke any timeliness exception, but nevertheless requested reinstatement of his "Appellate/Filing rights." ***See*** Appellant's PCRA Petition, 9/3/20, at 3. Our Supreme Court has held that an attorney's untimely filing of a first PCRA petition, which results in the complete foreclosure of collateral review is ineffective assistance *per se*, and can support the pleading of the newly-discovered evidence exception. ***Commonwealth v. Peterson***, 192 A.3d 1123, 1130-31 (Pa. 2018), *citing* 42 Pa.C.S. § 9545(b)(1)(ii) ("the facts upon which the claim is predicated were

unknown to the petitioner and could not have been ascertained by the exercise of due diligence"). The PCRA court may accept the otherwise untimely petition if it makes a finding of fact that the petitioner was unaware their attorney filed an untimely petition, and could not have learned this information through the exercise of due diligence. **Id.**; **see also id.**, *citing* 42 Pa.C.S. § 9545(b)(2) (petition invoking an exception shall be filed within one year of the date the claim could have been presented).

Appellant's September 3, 2020, PCRA petition, however, neither alleged PCRA Counsel's ineffective assistance nor invoked any of the timeliness exceptions. Although we have not discovered published decisional authority addressing this factual pattern, this Court has issued non-precedential decisions[11] consistently declining to extend **Peterson** to PCRA petitions that did not plead the newly-discovered evidence exception. **See Commonwealth v. Baker**, 1424 WDA 2019 (Pa. Super. Aug. 13, 2021) (unpub. memo. at 6) ("[N]owhere did the **Peterson** Court excuse PCRA petitioners from pleading and proving that counsel's ineffectiveness was unknown [and] could not have been discovered with the exercise of due diligence."); **Commonwealth v. Lilly**, 887 MDA 2020 (Pa. Super. Mar. 2, 2021) (unpub. memo. at 5) (judicial review of petitioner's claim, that prior

_____

[11] **See** Pa.R.A.P. 126(b)(1)-(2) (non-precedential Superior Court decisions, filed after May 1, 2019, may be cited for their persuasive value).

PCRA counsel was ineffective for failing to file appeal, was precluded because petitioner did not invoke any PCRA timeliness exception). We thus conclude the September 3rd PCRA petition was likewise untimely filed.[12]

We next address Appellant's claim, raised for the first time on appeal, that PCRA Counsel was ineffective for failing to file a timely PCRA petition. **Bradley** held "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." **Bradley**, 261 A.3d at 401. However, we note, the PCRA petition in **Bradley** was **timely** filed. *Id.* at 384. Justice Dougherty's concurring opinion pointed out the Court was not "creat[ing] an exception to the PCRA's jurisdictional time-bar." *Id.* at 406, Dougherty, J., concurring ("The majority's holding, like any holding, must be read against the facts of the case."). As discussed above, Appellant's *habeas corpus* and PCRA petitions were untimely filed and failed to plead any timeliness exception. Thus, **Bradley** is not applicable, and no relief is due. In any event, Appellant has not, consistent with the holding in **Bradley**, "obtain[ed] new counsel or act[ed] *pro se.*" **See id.** at 401. **See also id.** at 398 ("counsel cannot argue [their] own ineffectiveness" as they would have to "evaluate [their] own ineffectiveness, threatening [their]

---

[12] We note Appellant is not precluded from filing a second PCRA petition, after conclusion of this appeal, seeking relief from **Peterson**.

livelihood and professional reputation"); ***Commonwealth v. Koehler***, 36 A.3d 121, 132 (Pa. 2012) (counsel cannot raise their own ineffectiveness).

Finally, we reject Appellant's reliance on the statewide judicial emergency as a basis for relief. First, this claim is waived, as it was not raised before the PCRA court, and instead raised for the first time on appeal. ***See Commonwealth v. Bedell***, 954 A.2d 1209, 1216 (Pa. Super. 2008) (claims not raised in PCRA court are waived and cannot be raised for first time on appeal).

Moreover, this Court recently rejected a similar claim in ***Woolstrum***, 271 A.3d 512. In that case, the defendant had until May 14, 2020, to file a timely PCRA petition, but he did not file one until June 16, 2020. ***Id.*** at 514. He claimed the judicial emergency applied as an exception to the PCRA's time constraints. ***Id.*** at 515. On appeal, this Court explained:

> Our Supreme Court filed an emergency order on March 16, 2020, which specified that "legal papers or pleadings . . . which are required to be filed between March 19, 2020, and **May 8, 2020**, generally shall be deemed to have been filed timely if they are filed by the close of business on May 11, 2020.

***Id.*** at 514 (emphasis added). While the Supreme Court extended the statewide judicial emergency on April 28, 2020, the Court specified its prior time-for-filing provision remained in effect, with no corresponding extension for later pleadings. ***See id.*** at 515. This Court reasoned that because the defendant's PCRA deadline fell **after** the extended May 11, 2020, deadline for pleadings, the emergency order did not apply. ***Id.*** Accordingly, this Court

- 11 -

concluded the defendant's PCRA petition, which did not plead any timeliness exceptions, was untimely. **_Id._**

Analogously, here, Appellant generally had until July 15, 2020 — a date even later than the one-year deadline in **_Woolstrum_** — to file a PCRA petition. **_See Woolstrum_**, 271 A.3d 514. Accordingly, the Supreme Court's COVID-19 orders, which provided a filing extension to pleadings due by May 8th, did not lend relief to Appellant. **_See id._**at 515

For the foregoing reasons, we are constrained to agree with the PCRA court that Appellant's PCRA petition was untimely filed. The court thus lacked jurisdiction to review the merits of his claims. **_See Woolstrum_**, 271 A.3d at 513. We reiterate that Appellant is not foreclosed from filing a second PCRA petition, _pro se_ or with new counsel, seeking relief under **Peterson**.[13]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/07/2022

---

[13] We offer no opinion on the merits of any such petition.