J-S32032-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CAROL ANN HANN | : | |
| | : | |
| Appellant | : | No. 430 MDA 2022 |

Appeal from the PCRA Order Entered February 22, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0002501-2011

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:          **FILED: NOVEMBER 8, 2022**

Carol Ann Hann appeals from the order, entered in the Court of Common Pleas of Luzerne County, dismissing as untimely her petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

Following a jury trial, Hann was convicted of rape of a child, conspiracy to commit rape of a child, incest, corruption of minors, and endangering the welfare of children.[1]  The court sentenced Hann to an aggregate term of imprisonment of 20 years and 9 months to 41 years and 6 months (249 months to 498 months).  Hann filed a direct appeal, and this Court affirmed her judgment of sentence.  ***See Commonwealth v. C.A.H.***, 628 MDA 2013

---

[1] The Sexual Offenders Assessment Board (SOAB) evaluated Hann and opined she was a sexually violent predator (SVP).  A Megan's Law hearing was held on March 4, 2013, and, thereafter, the court found, by clear and convincing evidence, that Hann was an SVP.  ***See*** 42 Pa.C.S. § 9799.12; 9799.24.

(Pa. Super. filed August 26, 2014) (unpublished memorandum decision). Hann did not seek allowance of appeal in the Pennsylvania Supreme Court.

At the conclusion of Hann's direct appeal, on October 8, 2014, this Court remanded the record to Luzerne County. **See** Certificate of Remittal/Remand of Record, 10/8/14. At this point, as the Commonwealth acknowledges in its brief, the procedural history of the case becomes "muddy." **See** Commonwealth's Brief, at 1. In light of this procedural history, we are now presented with Hann's issue on appeal—whether the PCRA court erred in dismissing her PCRA petition as untimely. **See** Appellant's Brief, at 1.

It is well-settled that the standard of review on appeal from the denial of PCRA relief is limited to "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Small**, 238 A.3d 1267, 1280 (Pa. 2020) (citation omitted). Our "scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." **Commonwealth v. Koehler**, 36 A.3d 121, 131 (Pa. 2012) (citation omitted). The PCRA court's credibility determinations that are supported by the record are binding. **Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011). "If a PCRA petition is untimely, courts lack jurisdiction over the petition." **Commonwealth v. Woolstrum**, 271 A.3d 512, 513 (Pa. 2022).

Here, Hann did not seek allowance of appeal in our Supreme Court; therefore, her judgment of sentence became final on September 25, 2014,

thirty days after this Court's order affirming her judgment of sentence. ***See*** Pa.R.A.P. 1113 (providing petition for allowance of appeal shall be filed within 30 days of entry of Superior Court order). Thus, Hann had one year, or until September 25, 2015, to file a timely PCRA petition. ***See*** 42 Pa.C.S. § 9545(b)(1) ("Any petition [] shall be filed within one year of the date the judgment becomes final[.]"); ***id.*** at § 9545(b)(3) ("For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").

Hann claims she timely filed her petition in April, 2015. However, there are no docket entries between this Court's remand of the record on October 8, 2014, and January 17, 2017, when Hann filed a *pro se* habeas corpus petition.[2] The record before us contains Hann's *pro se* "Habeas Petition," filed on January 17, 2017, and a *pro se* "Petition for Notes of Testimony and Related Documents," filed on July 24, 2017. On July 30, 2018, Hann filed a *pro se* PCRA petition. On August 16, 2019, the PCRA court appointed counsel and directed counsel to file an amended petition, if necessary, by September 20,

---

[2] ***See*** 42 Pa.C.S. § 9542 ("The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis."). ***See also Commonwealth v. West***, 938 A.2d 1034, 1043 (Pa. 2007) ("[T]]he PCRA subsumes all forms of collateral relief, including habeas corpus, to the extent a remedy is available under such enactment.") (emphasis omitted).

2019. The PCRA court also ordered "that defense counsel may file a comprehensive brief in support of [Hann's petition] and/or supplemental [petition] by October 20, 2019." *See* Order, 8/16/19. The court scheduled a hearing for December 2, 2019.[3] Notably, the court's order was prefaced with the following:

> On August 5, 2019, [this court] was notified via correspondence from the Luzerne County District Attorney's Office that [Hann], *pro se*, filed a series of documents at the Luzerne County Clerk of Courts Office that were never forwarded to the court or any other listed parties[.] Upon receipt of said information, a docket search was conducted[,] wherein the [*pro se*] PCRA [petition] filed July 30, 2018, and subsequent documents requesting discovery in pursuit of the PCRA[,] were docketed and never provided to the [c]ourt by [Hann] or the Luzerne County Clerk of Courts.

*Id.*

For reasons unclear to this Court, on August 28, 2019, twelve days after the court had entered its order appointing counsel, Hann filed a *pro se* "Motion to Appoint PCRA Counsel." In that motion, Hann averred that her July 30, 2018 *pro se* PCRA petition was "**filed April 2015** and January 2016[,] but not docketed until July 30, 2018." *See* Motion To Appoint PCRA Counsel, 8/28/19 (emphasis added).[4]

On September 17, 2019, Leonard Gryskewicz, Jr., Esquire, entered his appearance as court-appointed counsel for Hann. On October 18, 2019,

---

[3] The hearing was continued several times, in part due to the COVID-19 shutdown. The PCRA hearing ultimately took place on November 15, 2021.

[4] The January 2016 date is beyond the one-year time requirement, and, therefore, we confine our review to the April 2015 date.

counsel filed an amended PCRA petition, which included the following averment: "[Hann] alleges that she mailed and filed her first PCRA petition in 2015. However, the Clerk of Courts never forwarded this petition to th[e PCRA c]ourt, to the District Attorney's Office, or any other party of record." Amended PCRA Petition, 10/18/19, at ¶ 5.[5]

At the PCRA hearing, Hann testified that she had made a handwritten notation on her "PCRA appeal" on the top corner, indicating it was "filed April of 2015" and "No response given." N.T. PCRA Hearing, 11/15/21, at 6. Hann also testified as to why she made that notation:

> I did it. I mailed it out. Not only that if you'll notice in the corners where it says DC-198, the PCRA packets changed in 2017. If you'll notice, the one—the earlier ones, they have nine pages. The later ones that than, that I submitted in 2018, have ten pages because now they entered that even if you had a guilty plea you can put a PCRA in if you had ineffective counsel.

---

[5] On February 3, 2020, prior to the scheduled hearing, the Commonwealth filed a motion to dismiss Hann's amended PCRA petition. The Commonwealth averred that if the PCRA court were to grant relief in the form of a new trial, the Commonwealth would be prejudiced because, in preparing for the hearing, it learned that: the victim's whereabouts were unknown; the victim's aunt, one of the main witnesses, was deceased; and, one of the investigating detectives was unavailable due to health issues. Commonwealth's Motion to Dismiss, 2/3/20, at ¶21. *See* 42 Pa.C.S. § 9543(b) ("Exception- Even if the petitioner has met the requirements of subsection (a), the petition shall be dismissed if it appears at any time that, because of delay in filing the petition, the Commonwealth has been prejudiced either in its ability to respond to the petition or in its ability to re-try the petitioner. A petition may be dismissed due to delay in the filing by the petitioner only after a hearing upon a motion to dismiss. This subsection does not apply if the petitioner shows that the petition is based on grounds of which the petitioner could not have discovered by the exercise of reasonable diligence before the delay became prejudicial to the Commonwealth."). The PCRA court denied the Commonwealth's motion.

> THE COURT: Okay.  I want to stop.  I'm confused.  Is there any filing earlier than this July of '18 that's docketed?  Does anyone have anything? [] Is there a PCRA –she's saying in April of '15 she filed a PCRA.  Is there one docketed?
>
> DEFENSE COUNSEL:  No, Your Honor.
>
> * * * *
>
> DEFENSE COUNSEL: Do you see the timestamp from the clerk of courts on that document?
>
> A:    Yes.
>
> DEFENSE COUNSEL: You would agree that says July 30, 2018?
>
> A:    It does, but [] they stamped both of them together, the one from 2015 and the one from 2018.  They stamped them both at the same time, but they are two different ones.  Like I said, one is nine pages, and one is ten pages. One's got a different number than the other one on the top left corner.

*Id.* at 10-13.

Hann went on to explain that the document time-stamped July 30, 2018 was drafted in early 2015 and mailed between February 23 and April 23 of that year.  *Id.* at 13.  Hann acknowledged, however, that she did not have the cash slips for that mailing from SCI Muncy.  *Id.* at 26-27. ***See Commonwealth v. Jones***, 700 A.2d 423 (Pa. 1997) (cash slip from prison authorities noting deduction from prisoner account for mailing to prothonotary and date of mailing sufficient evidence to prove mailing date).

In concluding, defense counsel remarked that "we're here on an argument that the PCRA is timely because [Hann] testified that she mailed her first PCRA petition in either February or April  of 2015[,] within the one-year time limit."  *Id.*  Counsel emphasized that the court should find Hann

- 6 -

credible "because of how she described it [had] happened." *Id.* The PCRA court, however, did not find Hann credible, *id.* at 36, and it found this argument unconvincing. *See id.* at 30 (court stating, "No one got this petition. The Commonwealth doesn't have it. I don't have it. So you're expecting me to simply say that she says she sent it out to lock in her timeframe and that's proof enough?"). Other than Hann's testimony, no evidence was presented to establish that a timely PCRA petition was filed in April 2015. *Jones*, *supra*. The court stated on the record:

> [T]here is no other evidence other than she says, I mailed it in '15. There is no proof. There's no documentation. There's no cash slip. [] More importantly, as we go forward, even in the '18 PCRA, it's not forwarded. It's not sent to anyone. It just sits there until the district attorney says there's outstanding documentation because a letter is finally forwarded to the DA's Office to say there's outstanding matters. There's no evidence except some confusing testimony. I'm going to add in she claims she filed it in April of '15. It's not docketed. There's no proof of that. There's no evidence supporting her statement that she mailed it in April of '15. [] I find the testimony not to be credible. . . . [T]here's nothing of record to support that the PCRA was filed timely in this matter.

*Id.* at 35-36.

After our review of the record, we find the court correctly determined Hann's PCRA petition was untimely filed. *See Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000). *See also Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (2007) (PCRA time limitations implicate jurisdiction and may not be altered or disregarded in order to address merits of petition). The court's determination that Hann's testimony was not credible is supported in

the record and, therefore, it is binding on this Court.  **See Spotz**, 18 A.3d at 259.  **See also Commonwealth v. Medina**, 92 A.3d 1210, 1214 (Pa. Super. 2014) ("PCRA court's credibility determinations, when supported by the record, are binding on this Court.").  Accordingly, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/8/2022