J-S41027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RODNEY JERMAINE JOHNSON | : | |
| | : | |
| Appellant | : | No. 1075 MDA 2022 |

Appeal from the Order Entered July 15, 2022
In the Court of Common Pleas of York County
Criminal Division at CP-67-CR-0006484-2008

BEFORE:   LAZARUS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:          **FILED: DECEMBER 19, 2022**

Rodney Jermaine Johnson (Appellant) appeals *pro se* from the denial of his "Motion to Dismiss Criminal Action/Criminal Information."  We affirm.

In **May 2009**, a jury found convicted Appellant of two counts of rape, two counts of involuntary deviate sexual intercourse, aggravated assault, aggravated indecent assault, and simple assault.  On **August 26, 2009**, the trial court sentenced Appellant to 28 - 56 years in prison.  This Court affirmed and the Pennsylvania Supreme Court denied allowance of appeal. ***Commonwealth v. Johnson***, 13 A.3d 991 (Pa. Super. 2010) (unpublished), ***appeal denied***, 17 A.3d 1252 (Pa. 2011).

Since 2012, Appellant has filed numerous unsuccessful requests for post-conviction relief.  ***See*** Commonwealth Brief at 5-11 (reciting procedural history from 2009 through August 2022).  This Court recently affirmed the

---

[*] Former Justice specially assigned to the Superior Court.

denial of Appellant's ninth petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] **Commonwealth v. Johnson**, 270 A.3d 1148 (Pa. Super. 2021) (finding Appellant's ninth PCRA petition untimely). Appellant filed a tenth PCRA petition which the PCRA court denied on May 9, 2022. Appellant did not appeal.

On July 8, 2022, Appellant filed the underlying "Motion to Dismiss Criminal Action/Criminal Information," alleging he was improperly convicted because of defects relating to the complaint, affidavit, arrest warrant, and jurisdiction. The lower court denied relief on July 15, 2022. Order, 7/15/22 (observing Appellant has *pro se* "filed a series of Post-Conviction Relief Petitions, culminating in his tenth petition which this [c]ourt dismissed on May 9, 2022."). Appellant timely appealed.

On August 25, 2022, this Court issued a rule to show cause for Appellant to explain why his 2022 motion challenging his 2009 sentence was timely. **See** Pa.R.Crim.P. 720(A)(1) ("A written post-sentence motion shall be filed no later than 10 days after imposition of sentence."). Appellant filed a one-page response claiming the Commonwealth's "malicious prosecution" and "bias" entitled him to relief, but did not address timeliness. Application for Relief, 9/9/22. This Court discharged the rule to show cause. Order, 10/14/22.

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546, *et seq*.

Appellant presents six issues related to his allegations of deficiencies in the complaint, warrant, affidavit, and jurisdiction. Appellant's Brief at 9-10 (unnumbered). He also invokes the PCRA, arguing:

> Counsel was ineffective of assistance of counsel failure [*sic*] to protect and defend [Appellant] as per sworn to in the 6th Amendment Constitution of the United States. The unsworn Affidavit too which excluded a Magistrate signature, Seal, Time & Date-should be void and [Appellant] vacated. Counsel excluded this from the [c]ourt[']s attention causing Due Process of [Appellant] with bias intentions to fully argue and defend the honor of the 6th AMENDMENT. This is exculpatory evidence to [Appellant] that now [Appellant] is establishing to the Higher an[d] Lower Courts. Counsel never brought this issue up in trial or on P.C.R.A. or any other proceeding to get the courts['] attention. The Petition clearly speaks for itself with the compone[n]t (the Affidavit) - that still exist[s]. Motion to Dismiss Criminal Action/Criminal Information No. 6484-2008.

*Id.* at 7 (unnumbered).

The lower court denied relief based on Appellant's July 8, 2022 motion being an untimely omnibus motion. The court stated that Appellant "filed a waiver of arraignment on November 14, 2008[, and] offered no reason as to why his omnibus motion was not filed within thirty days thereof." Statement of Lower Court Pursuant to Pa.R.A.P. 1925(a), 8/24/22, at 2. The court also stated: "Should the Superior Court deem [Appellant's] Motion to Dismiss to be an 11th PCRA petition, this [c]ourt denies that petition as untimely for the same reasons[.]" *Id.* at 3.

The Commonwealth considers Appellant's motion to be an untimely PCRA petition. Commonwealth Brief at 15 (observing Appellant's judgment of

sentence became final on May 30, 2011, and Appellant "had until May 30, 2012, to timely file a petition under the PCRA, which he failed to do. Additionally, [he] fails to satisfy one of the three statutory exceptions outlined in 42 Pa. Cons. Stat. § 9545(b)(1).").

We agree with the characterization of Appellant's motion as a PCRA petition. *See* 42 Pa.C.S.A. § 9542 ("The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect ….").  "If a PCRA petition is untimely, courts lack jurisdiction over the petition." *Commonwealth v. Woolstrum*, 271 A.3d 512, 513 (Pa. 2022).  A PCRA petition must be filed within one year of the date that the judgment of sentence became final.  42 Pa.C.S.A. § 9545(b)(1). "This one-year limitation is jurisdictional, and therefore courts are prohibited from considering an untimely PCRA petition." *Commonwealth v. Lopez*, 249 A.3d 993, 999 (Pa. 2021) (citations omitted).  An exception occurs if a petitioner pleads and proves governmental interference, newly-discovered evidence, or a newly recognized constitutional right.  *Id.* citing 42 Pa.C.S.A. § 9545(b)(1)(i)–(iii).

Appellant's judgment of sentence became final in 2011, and he did not plead and prove an exception to the PCRA time limitation.  No relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/19/2022