J-S10006-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JAMES WATSON :
:
Appellant : No. 1315 MDA 2024

Appeal from the PCRA Order Entered August 14, 2024
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000449-2001

BEFORE: BOWES, J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.: **FILED: APRIL 29, 2025**

James Watson appeals *pro se* from the order dismissing as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

A jury convicted Appellant of first-degree murder, conspiracy, kidnapping, and related offenses following the 2001 shooting death of Jason Ryans. The details of these crimes have been discussed by this Court over the past two decades, and we need not recount them at length here. ***See, e.g.***, ***Commonwealth v. Watson***, 305 A.3d 965, 2023 WL 5747309, at *1 (Pa.Super. 2023) (non-precedential decision). Briefly, Appellant believed that Ryans had stolen a firearm, marijuana, and money from his brother. After the brother punched Ryans and Appellant attacked him with a knife, the two beat Ryans again, bound his wrists, and transported him by vehicle from Wilkes-Barre to a rural area in Bradford County. The brothers removed him

from the vehicle and Appellant shot him twice in the back of the head. The trial court sentenced Appellant to life imprisonment without the possibility of parole, this Court affirmed his judgment of sentence and, in 2005, our Supreme Court denied his petition for allowance of appeal. *See Commonwealth v. Watson*, 860 A.2d 1136 (Pa.Super. 2004) (unpublished memorandum), *appeal denied*, 872 A.2d 1199 (Pa. 2005).

Appellant filed a timely first PCRA petition, as well as three untimely PCRA petitions, none of which garnered relief. He filed the instant *pro se* petition in June 2024. Therein, despite acknowledging its patent lateness, he explicitly "did not plead any timeliness exception[.]" PCRA Petition, 6/12/24, at 4. Instead, he argued that he was entitled to relief to correct an alleged error in a 2011 order. *Id*. Alternatively, he invoked this Court's decision in *Commonwealth v. Harris*, 284 A.3d 959, 2022 WL 3909026 (Pa.Super. 2022) (non-precedential decision), as involving "similar extraordinary circumstances warranting collateral relief."[1] *Id*. at 4-5. Pursuant to Pa.R.Crim.P. 907, the PCRA court issued notice of its intent to dismiss

---

[1] We note that the facts and procedural history of *Harris* are not similar. Harris, while high on crack cocaine, stabbed her boyfriend to death in what she alleged was self-defense after years of physical and sexual abuse. She was convicted of third-degree murder and possessing an instrument of crime, but did not file a direct appeal. The PCRA court denied her timely first PCRA petition. Upon review, this Court remanded for "the PCRA court to make the necessary factual findings and additional review and, if necessary, hold an additional evidentiary hearing" regarding whether counsel consulted with her about filing a direct appeal. *See Harris*, 2022 WL 3909026, at *5.

Appellant's petition as untimely. Appellant filed a response asking for a hearing. The PCRA court declined and dismissed the petition.

This appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925, with the PCRA court referring us to the reasoning provided in its Rule 907 notice. Appellant presents a single issue for our consideration: "Whether the [PCRA c]ourt erred and abused its discretion in dismissing Appellant's [PCRA p]etition seeking relief in the interest of justice where insufficient reason exist [*sic*] to support differential treatment among individuals not consulted concerning the advantages of an appeal?" Appellant's brief at 3.

We begin with the legal principles governing our consideration of Appellant's appeal:

> We review an order dismissing or denying a PCRA petition as to whether the findings of the PCRA court are supported by the record and are free from legal error. It is an appellant's burden to persuade us that the PCRA court erred, and that relief is due. We apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Skundrich***, 327 A.3d 218, 221 (Pa.Super. 2024) (some citations, brackets, and quotation marks omitted). Neither this Court nor a PCRA court has jurisdiction to consider the merits of an untimely PCRA petition that does not meet a timeliness exception. ***See Commonwealth v. Woolstrum***, 271 A.3d 512, 513-14 (Pa.Super. 2022). To be timely, a petition must be filed within one year of when the petitioner's judgment of sentence becomes final. ***See*** 42 Pa.C.S. § 9545(b)(1). "Previously, this Court

- 3 -

determined that for PCRA purposes, Appellant's judgment of sentence became final on July 17, 2005[.]" ***Watson***, 2023 WL 5747309, at *3 (cleaned up). Therefore, Appellant needed to plead and prove one of the timeliness exceptions set forth in § 9545(b)(1)(i-iii), within one year of the date of when the claim could have been presented. ***See*** 42 Pa.C.S. § 9545(b)(2).

As noted, Appellant opted not to invoke any of the timeliness exceptions, instead relying upon a perceived fourteen-year-old judicial error and allegedly disparate treatment granted to an unrelated defendant in a non-precedential decision authored by this Court. Our Supreme Court has made clear that "the PCRA confers no authority . . . to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003) (cleaned up). Since Appellant failed to plead and prove one of the timeliness exceptions set forth in § 9545(b)(1)(i-iii), within one year of the date of when the claim could have been presented, no court had jurisdiction to consider his claims under the PCRA. ***See*** 42 Pa.C.S. § 9545(b)(2). Accordingly, we affirm the PCRA court's order dismissing Appellant's PCRA petition as untimely.[2]

---

[2] Appellant has filed two applications requesting that we strike the Commonwealth's brief because it was not timely filed. Given our disposition and the Commonwealth's failure to file a brief, we deny the applications as moot.

- 4 -

Order affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>04/29/2025</u>