J-S15025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDRE MAURICE PACE | : | |
| | : | |
| Appellant | : | No. 1096 WDA 2024 |

Appeal from the PCRA Order Entered May 8, 2024
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013214-1995

BEFORE:   OLSON, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.:            **FILED: OCTOBER 3, 2025**

Andre Maurice Pace ("Pace") appeals from the order dismissing as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]   Because Pace has failed to prove an exception to the PCRA's jurisdictional time-bar, the PCRA court correctly concluded that it, like this Court, has no jurisdiction over Pace's untimely petition.   Consequently, we affirm.

This Court previously set forth the factual and procedural history of this case as follows:

> On May 23, 1996, following a jury trial, [Pace] was convicted of first[-]degree murder, and two counts of carrying a firearm without a license.  He was sentenced to life imprisonment without

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

parole for the murder conviction, plus a consecutive term of five to ten years for the firearm counts.

[I]n April [] 1999, [Pace's] PCRA petition was granted and his direct appeal rights [were] reinstated *nunc pro tunc.* [I]n May [] 1999, he filed a notice of appeal. [I]n February [] 2000, his judgment of sentence was affirmed. [I]n July [] 2000, the Pennsylvania Supreme Court denied his petition for allowance of appeal. [I]n December [] 2000, [Pace] filed his first PCRA petition. [I]n October [] 2002, the PCRA petition was denied. This Court affirmed the denial of the PCRA petition. [I]n November [] 2005, the Pennsylvania Supreme Court denied [Pace's] petition for allowance of appeal. [I]n January [] 2006, [Pace] filed his second PCRA petition. [I]n May [] 2007, the petition was dismissed.

*Commonwealth v. Pace*, 1880 WDA 2015, 2016 WL 3136035, (Pa. Super. June 3, 2016) (unpublished memorandum at *1) (internal citations omitted). In July 2015, Pace filed a petition for writ of *habeas corpus*, which the court treated as an untimely PCRA petition and dismissed, and which this Court affirmed. *See id*. Pace did not petition our Supreme Court for an allowance of appeal, but later filed the instant PCRA petition in May 2023. *See generally* Mot. for PCRA, 5/8/23.

In the PCRA petition at issue here, Pace asserted several interrelated claims hinging on the alleged illegality of his sentence of life imprisonment. *See id*. at ¶¶ 1-9. The PCRA court concluded Pace's petition was untimely, and it issued a Pa.R.Crim.P. 907 notice of intent to dismiss the petition, after which Pace filed a response, and the court thereafter dismissed the petition.

- 2 -

J-S15025-25

Pace timely appealed, and both he and the PCRA court complied with Pa.R.A.P. 1925.[2]

Pace raises the following issues for our review:

1. Did the PCRA court err when it dismissed [Pace's] PCRA petition as untimely where [he] invoked an exception under 42 Pa.C.S.[A.] § 9545(b)(1)(ii) and 42 Pa.C.S.[A.] § 9545(b)(2)?

2. Did the PCRA court err when it dismissed [Pace's] PCRA petition due to it's [sic] erroneous conclusion that the court lacked jurisdiction?

3. Did the PCRA court err and abuse it's [sic] discretion when it failed to conclude that [Pace's] sentence was not in violation of 42 Pa.C.S.[A.] § 9756(b)(1)

Pace's Br. at 3.

Our standard of review of an order dismissing a PCRA petition is well-settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. 2018) (internal citation and quotations omitted). The PCRA petitioner "has the burden to persuade this Court that the PCRA court erred and that such error requires relief."

---

[2] The PCRA court did not order Pace to file a concise statement pursuant to Pa.R.A.P. 1925(b); however, the court filed a Rule 1925(a) opinion.

***Commonwealth v. Wholaver***, 177 A.3d 136, 144–45 (Pa. 2018) (internal citations omitted).

In his first two issues, Pace argues the PCRA court erred in concluding that it had no jurisdiction over his facially untimely PCRA petition. Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010); ***see also Commonwealth v. Woolstrum***, 271 A.3d 512, 513 (Pa. Super. 2022) (providing that "[i]f a PCRA petition is untimely, courts lack jurisdiction over the petition") (internal citations omitted). Pennsylvania courts may nevertheless consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth in section 9545(b)(1)(i)-(iii), and he filed his PCRA petition invoking a timeliness exception within one year of the date the claim could have been presented. ***See*** 42 Pa.C.S.A. § 9545(b)(2).

The newly discovered facts exception in section 9545(b)(1)(ii) provides that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii). The focus of the newly discovered facts exception is on new facts; therefore, the discovery of new sources for

previously known facts will not establish a timeliness exception. **See Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008). Due diligence demands that the petitioner take reasonable efforts to protect his own interests and explain why he could not have learned the new facts earlier despite such efforts. **See Commonwealth v. Medina**, 92 A.3d 1210, 1216 (Pa. Super. 2014) (*en banc*); **see also Commonwealth v. Sanchez**, 204 A.3d 524, 527 (Pa. Super. 2019) (concluding the petitioner had failed to show due diligence where he did not explain how the facts "could not have been ascertained sooner by the exercise of due diligence"). The petitioner's inability to ascertain a fact by the exercise of due diligence is a factual question for the PCRA court. **See Commonwealth v. Branthafer**, 315 A.3d 113, 128 (Pa. Super. 2024). The focus of this exception is on newly discovered facts, not on a newly discovered or newly willing source for previously known facts. **See Commonwealth v. Lopez**, 249 A.3d 993, 1000 (Pa. 2021). A "newly identified source in further support for . . . previously known facts" is insufficient to satisfy section 9545(b)(1)(ii). **Id**. If the fact upon which the claim is premised was previously known, it is of no moment that the issue had never been "adequately 'developed and/or adjudicated' in either the state or federal courts." **Id**.

Any PCRA petition invoking an exception under section 9545(b)(1) "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2); **see also Commonwealth v. Williamson**, 21 A.3d

236, 242 (Pa. Super. 2011) (holding that "a petitioner invoking section 9545(b)(1)[] *must still comply with section 9545(b)(2)* by presenting the claim within [one year] of discovering the new fact") (internal citations omitted; emphasis in original).

Pace argues the PCRA court erred in dismissing his untimely petition because he asserted the newly discovered facts exception to the PCRA's timeliness requirements. Specifically, Pace contends his sentence of life imprisonment is illegal because it is a "flat sentence," which he only discovered upon receipt of a written sentencing order. *See* Pace's Br. at 7. He notes that without a written sentencing order, he lacked the requisite information to challenge the statute pursuant to which he was sentenced and the legality of his sentence. *See id*. Pace asserts it was only in June 2022 after receiving a copy of his commitment forms which list "99 years 99 months and 99 days" that he became aware of the alleged illegality of his sentence. *See id*. at 7. Pace argues he was "unable to present any claim . . . or prepare his petition until he had sufficient basis, in the form of the documentation received, upon which to raise a claim." *Id*. at 8. Notably, Pace concedes he knew in 1996 at the time of his sentence that he was sentenced to life imprisonment without parole for his murder conviction based on the oral proceedings. *See id*. at 4.

The PCRA court considered Pace's assertions and concluded he failed to plead an exception to the PCRA's jurisdictional time-bar:

. . . Pace relies on written communications he purportedly had with the Department of Court Records, which resulted in his receipt of various forms that he contends demonstrate the illegality of his sentence. Even if the [c]ourt were to credit [] Pace's contentions about said forms, which the [c]ourt does not,[2] and that he only learned of the information contained within the forms on the date he received them, [] Pace did not plead facts that, if proven, would establish that he could not have received the forms sooner than June 2022 by the exercise of due diligence. . . . Pace, therefore, did not meet his burden to plead and prove an exception . . . .

> [2]The [c]ourt notes that the record in these proceedings contains the following order signed by the trial/sentencing judge, the Honorable Kathleen Durkin:
>
> > And now 7-22-96[] in open court, defendant appearing with counsel sentenced to . . . undergo imprisonment for the period of your natural life and stand committed and to be sent to the Western Correctional Diagnostic and Classification Center at Pittsburgh, Pennsylvania, to be transferred to such institution as may be deemed appropriate. . . .

Accordingly, the [petition] was untimely filed. This [c]ourt lacked jurisdiction to grant [] Pace any PCRA relief. Such a result holds even though [] Pace contends he is serving an illegal sentence. **See Commonwealth v. Moore**, 247 A.3d 990, 993 (Pa. 2021) ("A claim a petitioner is serving an illegal sentence is cognizable under the PCRA, as long as the claim is raised in a timely petition.")

PCRA Ct. Op., 9/12/24, at 7-8.

Based on our review, we discern no abuse of discretion or error of law by the PCRA court. This Court has already concluded that Pace had until October 17, 2001 to file a timely PCRA petition. **See Pace**, 1880 WDA 2015, 2016 WL 3136035, at *2. Accordingly, Pace's petition, filed in May 2023, over

twenty years after his judgment of sentence became final, is facially untimely. Additionally, as Pace concedes, his sentence was known to him as early as the sentencing hearing in 1996 when he was orally informed of his sentence. Thus, the fact Pace asserts is not new; rather, the commitment form Pace presently possesses is a new source for a previously known fact. *See Marshall*, 947 A.2d 720 (noting that the newly discovered fact exception applies to facts, not sources). To the extent that Pace asserts that his commitment sheet lists his term of incarceration as being ninety-nine years, which is a newly discovered fact, assuming *arguendo* that this could be an accurate reflection of Pace's sentence, Pace has failed to explain what steps, if any, he took prior to 2022 when he sent inquiries to the county department of court records to obtain copies of his written sentencing order and received the commitment form; nor did he explain why it took him over twenty years after his judgment of sentence became final to request and obtain the commitment form. *See* Pace's Br. at 7-8. Thus, Pace has also failed to plead due diligence. *See Sanchez*, 204 A.3d at 527 (noting that a petitioner is required to show how the newly discovered facts could not have been ascertained sooner with the exercise of due diligence). For these reasons, we discern no error in the PCRA court's finding that Pace failed to plead the newly discovered fact exception to the PCRA's jurisdictional time-bar. *See Woolstrum*, 271 A.3d at 513 (stating that courts lack jurisdiction over

untimely PCRA petitions).[3]  Accordingly, we affirm the order dismissing Pace's untimely serial PCRA petition.[4]

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>10/03/2025</u>

---

[3] To the extent Pace asserts that a lack of a written sentencing order is a sufficient basis for invoking the PCRA court's jurisdiction, he is due no relief. Pace suggests that the PCRA court has "inherent power of correction" which extends to the sentence at issue, which he asserts is illegal because it is a flat sentence unauthorized by any statute. However, as the PCRA court cogently explained, legality challenges to a sentence—including an asserted illegal sentence because of a lack of statutory authority—are cognizable under the PCRA and must be brought in a timely petition or in an untimely petition in which a timeliness exception is pled and proven. *See Moore*, 247 A.3d at 998.

[4] Based on our disposition that the PCRA court lacked jurisdiction to entertain the merits of Pace's petition, we need not reach his third issue in which he asserts errors relating to the merits of the petition.