J-A24042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STARSKY IVEY | : | |
| | : | |
| Appellant | : | No. 1760 EDA 2021 |

Appeal from the PCRA Order Entered August 13, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-01204871-1998

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED APRIL 14, 2023**

Starsky Ivey ("Ivey") appeals from the order dismissing his serial petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The PCRA court provided the following factual and procedural history:

> [I]n January [] 1998, [Ivey] along with numerous other people, including . . . Melvin Robertson, were inside [a] residence . . .[, and Ivey and Robertson were arguing] about something, though the specifics are unknown[,] since both were speaking in Jamaican.  Sometime after this argument, [Ivey] left th[e] residence.  Thereafter, [Robertson] also left the residence.
>
> Shortly afterwards, both [Robertson] and [Ivey] returned to the residence. [Robertson] began to use the telephone in the living room.  After telling [Robertson] to put the phone down, [Ivey] shot at [Robertson] several times at close range (approximately one foot away).  [Robertson] fell to the ground. At the time of the shooting several other people were in the residence . . . [and] in the room . . . .

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[Ivey] then ran out of the house. The police were contacted and arrived at the residence . . .. Robertson was lying on the floor of the living room bleeding. He was transported to the University of Pennsylvania where he [later] died . . . of multiple gunshot [wounds].

[I]n February [] 2000, [Ivey] pled guilty to one count each of murder generally and [possession of an instrument of crime ("PIC")]. . . ..

Following a degree of guilt hearing, th[e trial] court determined that [Ivey] had committed murder in the first degree. [Ivey] was sentenced [i]n April [] 2000 to life imprisonment on the murder charge, with a lesser concurrent sentence on the PIC charge. . . . The Superior Court affirmed [Ivey's] judgment of sentence [in] February [] 2002. As no petition for allowance of appeal to the Supreme Court was filed, [Ivey's] judgment of sentence became final on March 18, 2002.

\* \* \* \*

Thereafter, [Ivey] filed unsuccessful petitions for relief in 2003, 2009[,] and 2012, pursuant to the [PCRA]. [In the 2009 PCRA petition, Ivey asserted, *inter alia*, that direct appeal counsel was ineffective for failing to timely file a Rule 1925(b) statement, thereby forfeiting his direct appeal rights. The PCRA court dismissed the petition, and Ivey filed no appeal.]

On March 25, 2020, [Ivey], through his counsel, filed a subsequent PCRA petition, seeking relief based upon allegations of newly discovered evidence, a . . . violation [of ***Brady v. Maryland***, 373 U.S. 83 (1963),] and various claims of ineffective assistance of counsel. PCRA [c]ounsel alleged that both trial and appellate counsel rendered ineffective assistance.

\* \* \* \*

[Ivey] claimed that a police report prepared by Officer Brenda Davis constituted a ***Brady*** violation and[,] as a result, [he has] satisfie[d] both the "previously-unknown fact" exception and the government interference exception [to the PCRA's timeliness requirement]. Specifically, [Ivey] point[ed] to the 4th page of [Officer Davis's] statement wherein [she] indicated a firearm was

discovered inside [Ivey's] vehicle. At trial, a firearm found on the street . . . 10-15 feet from [Ivey's] vehicle was determined to be the murder weapon. [Ivey] alleged that this report constituted evidence that a second firearm was recovered. [He] further argued that this would have supported a claim that [Robertson] possessed a firearm and [that Ivey's] actions were in self-defense. The Commonwealth's response pointed to a discovery letter dated January 4, 1999, in which it specifically listed Officer Davis's statement as one of the documents provided to trial counsel. The Commonwealth also points out that Officer Davis did not search [Ivey's] vehicle[, but,] instead[,] the reference to a firearm found "in the car" was a mistake[;] and[,] instead[,] it was the same firearm[, and] was discovered "near the car." [Ivey] responded that this does not prove conclusively that all 4 pages were provided.

[Ivey lastly alleged that direct appeal counsel was ineffective for failing to file a timely Rule 1925(b) statement, thereby waiving his appellate issues.]

* * * *

. . . On July 14, 2021, [the PCRA court sent] notice of [its] intention to dismiss [Ivey's PCRA] petition [as untimely], pursuant to Pa.R.Crim.P. 907. On August 13, 2021, [Ivey's] PCRA [p]etition was formally dismissed. [Ivey] filed a timely [n]otice of [a]ppeal on August 24, 2021. . . . [Ivey then timely] filed a concise statement [of errors complained of on appeal] pursuant to [Pa.R.A.P.] 1925(b) . . ..

PCRA Court Opinion, 4/7/22, at 1-3, 5-6 (paragraphs re-ordered for clarity).

Ivey raises the following issues for our review:

1. Whether the PCRA [c]ourt erred in determining the timeliness exceptions to the PCRA statute were not satisfied?

2. Whether the PCRA [c]ourt erred in finding that the underlying issues were without merit?

Ivey's Brief at 1-2 (citations to reproduced record omitted).

- 3 -

Our standard of review of an order dismissing a PCRA petition is well-settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. 2018) (internal citation and quotations omitted). The PCRA petitioner "has the burden to persuade this Court that the PCRA court erred and that such error requires relief." *Commonwealth v. Wholaver*, 177 A.3d 136, 144–45 (Pa. 2018) (internal citations omitted). Further, "it is well settled that this Court may affirm a valid judgment or order for any reason appearing as of record." *Id*. at 145 (internal citation omitted).

We must initially determine whether the PCRA court had jurisdiction over Ivey's petition. Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1).[2] The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the

---

[2] A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

- 4 -

merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). Pennsylvania courts may nevertheless consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth in section 9545(b)(1)(i)-(iii).

To establish the governmental interference exception, pursuant to section 9545(b)(1)(i), a petitioner must plead and prove: (1) the failure to previously raise the claim was the result of interference by government officials, and (2) the petitioner could not have obtained the information earlier with the exercise of due diligence. *See Commonwealth v. Kennedy*, 266 A.3d 1128, 1135 (Pa. Super. 2021). Section 9545(b)(1)(ii) also provides an exception to the jurisdictional time-bar if "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii).[3] Due diligence "demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." *Commonwealth v. Medina*, 92 A.3d 1210, 1216 (Pa. Super. 2014) (internal quotations and citations omitted). To invoke the

---

[3] The focus of this exception is on newly discovered facts, not on a newly discovered or newly willing source for previously known facts. *See Commonwealth v. Lopez*, 249 A.3d 993, 1000 (Pa. 2021).

PCRA court's jurisdiction pursuant to section 9545(b)(1)(iii), a petitioner must plead and prove that our High Court has already held that an asserted constitutional right is both new and has retroactive applicability. **See Commonwealth v. Leggett**, 16 A.3d 1144, 1147 (Pa. Super. 2011); 42 Pa.C.S.A. § 9545(b)(1)(iii). Any PCRA petition invoking an exception under section 9545(b)(1) "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2); **see also Commonwealth v. Williamson**, 21 A.3d 236, 242 (Pa. Super. 2011) (holding that "a petitioner invoking section 9545(b)(1)[] **must still comply with section 9545(b)(2)** by presenting the claim within [one year] of discovering the new fact") (internal citations omitted, emphasis in original).

Here, as this Court has previously determined, Ivey's judgment of sentence became final on March 18, 2002. **See**, **e.g.**, **Commonwealth v. Ivey**, 116 A.3d 680 (Pa. Super. 2014) (unpublished memorandum at *1). Accordingly, he had until March 18, 2003 to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1). Ivey's serial PCRA petition, filed on March 25, 2020, is facially untimely. Ivey, However, asserts that his claims, predicated on his purportedly recent discovery of Officer Davis's report, satisfy the governmental interference and newly discovered fact exceptions to the PCRA's timeliness requirements, pursuant to section 9545(b)(1)(i) and (ii),

respectively. **See** Ivey's Brief at 10, 14-15.[4] He further alleges that his claim predicated on direct appeal counsel's failure to timely file a Rule 1925(b) statement, thereby waiving his issues for appeal, satisfies the PCRA's timeliness exception under section 9545(b)(1)(iii), pursuant to **Commonwealth v. Parrish**, 224 A.3d 682 (Pa. 2020).[5] **See** Ivey's Brief at 16.

The PCRA court concluded Ivey failed to sufficiently plead an exception to the PCRA's timeliness requirement:

> [Ivey] attempted to satisfy the "previously-unknown fact" exception, § 9545(b)(1)(ii)[,] and the "government-interference" exception, pursuant to § 9545(b)(1)(i)[.] . . . Both exceptions rest entirely upon the premise that the statement by Officer Davis, or at least the 4th page of the statement, was not provided to trial counsel. [Ivey] provided no evidence that the Commonwealth failed to provide this piece of discovery. In fact, the Commonwealth has provided evidence that this document was provided to trial counsel. In order to satisfy either exception, [Ivey] has the burden of demonstrating [Officer Davis's statement] was unknown to [him] until recently. It is [Ivey's] burden to plead and prove that an exception applied. [Ivey] did not satisfy that burden.

_____

[4] Ivey erroneously asserts that there is no "timeliness element" for an alleged **Brady** violation. **See**, **e.g.**, Ivey's Brief at 10. This is incorrect. **See Commonwealth v. Natividad**, 200 A.3d 11, 28 (Pa. 2019) (analyzing a **Brady** claim for timeliness and stating that, "to be considered timely, whether under the governmental interference or newly-discovered fact exceptions, [the] petition must have been filed within [one year] of the date his **Brady** claim could have been presented") (citing the prior version of section 9545(b)(2), which included a sixty-day requirement).

[5] In **Parrish**, our High Court held that PCRA appellate counsel is _per se_ ineffective if counsel files a Rule 1925(b) statement that is so vague it causes the forfeiture of appellate review of the petitioner's PCRA claims. **See** 224 A.3d at 701-02.

Finally, [Ivey] also attempted to satisfy the "newly-recognized constitutional right" exception, pursuant to § 9545(b)(1)(iii). Specifically, [Ivey] pointed to . . . ***Parrish***, . . . in which the Supreme Court of Pennsylvania determined that by waiving all appellate issues, an attorney is ineffective *per se*. . . . While ***Parrish*** was decided by the Supreme Court of Pennsylvania, it has not been held by that court to apply retroactively.

. . . As a result, [Ivey] failed to satisfy an exception and this [c]ourt lacked jurisdiction to address the merits of his claims.

PCRA Court Opinion, 4/7/22, at 7-8.

Following our review, we conclude that the PCRA court's order is supported by the record and free of legal error, as we explain:[6] Ivey's serial PCRA petition is facially untimely; accordingly, he was required to plead and prove an exception to the PCRA's timeliness requirement. Ivey pleaded exceptions pursuant to section 9545(b)(1)(i) and (ii) relating to his discovery of Officer Davis's report, in which she (Officer Davis) indicated, possibly erroneously, that a gun was discovered in Ivey's car. However, both section 9545(b)(1)(i) and (ii) include a due diligence requirement. Both exceptions also require, in accordance with section 9545(b)(2), that the petitioner demonstrate that the claims were filed within one year of when the claim could have been presented. While Ivey generally asserts that he was unaware of Officer Davis's report until PCRA counsel discovered it and that he filed his petition within a year of the discovery, he has failed to set forth what steps, if

---

[6] We reiterate that we may affirm a valid order for any reason appearing as of record. ***See Wholaver***, 177 A.3d at 145.

- 8 -

any, he took to exercise due diligence, as required by section 9545(b)(1)(i),
(ii), in discovering the existence of the report. **See Medina**, 92 A.3d at 1216.
Additionally, Ivey has failed to provide a date for when, or an account of how,
PCRA counsel discovered the report. Accordingly, he has also failed to plead
facts sufficient to satisfy section 9545(b)(2)'s requirement that the petition be
filed within one year of when the claim could have been presented. **See**
**Williamson**, 21 A.3d at 242. The PCRA court thus properly concluded that
Ivey failed to plead an exception to the PCRA's timeliness requirement vis-à-
vis his claim relating to Officer Davis's report.

We additionally note that, for Ivey's asserted section 9545(b)(1)(iii)
exception, premised on **Parrish**, the PCRA court correctly observed that our
Supreme Court did not create a new constitutional right which it held would
have retroactive applicability.[7] **See Leggett**, 16 A.3d at 1147. Therefore,
Ivey is due no relief.[8]

_____

[7] We further note that Ivey asserted direct appeal counsel's ineffectiveness as
far back as his October 2, 2009 PCRA petition, in which he alleged that this
Court affirmed his judgment of sentence "due to counsel's failure to timely file
a Rule 1925(b) statement. As a result of counsel's ineffectiveness, causing
forfeiture of petitioner's direct appeal rights, [he] filed his first PCRA [petition]
. . .." PCRA Petition, 10/2/09, at 4-5. Accordingly, for purposes of the present
petition, Ivey is unable to prove that direct appeal counsel's deficiency was
previously unknown to him and that he filed the instant petition within a year
of discovering this fact. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii), (b)(2).

[8] As noted above, the PCRA's timeliness requirement is jurisdictional. As
Ivey's PCRA petition was untimely, the PCRA court lacked jurisdiction to
entertain its merits, as does this Court. **See**, **e.g.**, **Commonwealth v.**
_(Footnote Continued Next Page)_

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/14/2023

---

**Woolstrum**, 271 A.3d 512, 513 (Pa. Super. 2022) (providing that "[i]f a PCRA petition is untimely, courts lack jurisdiction over the petition") (internal citations omitted). Accordingly, we do not reach Ivey's second issue in which he argues the substantive merits of his petition.