**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARVIN MARMOLEJOS | : | |
| | : | |
| Appellant | : | No. 1283 EDA 2022 |

Appeal from the PCRA Order Entered April 1, 2022
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0003191-2010

BEFORE:  BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                **FILED JUNE 13, 2023**

Marvin Marmolejos ("Marmolejos") appeals *pro se* from the order dismissing his serial petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court provided the following factual and procedural history:

> [I]n May [] 2010[, Marmolejos] was arrested and charged with criminal attempt - homicide, assault of a law enforcement officer, firearms not to be carried without a license, and possession of a controlled substance[,] for an incident arising in Upper Darby, Delaware County, Pennsylvania[,] when [Marmolejos] used a firearm to shoot Officer Blohm of the Upper Darby Police Department.  Officer Blohm was shot twice in the lower back, once in the upper back, and once on his left hand.  Officer Blohm survived the shooting.
>
> [I]n August [] 2010[, Marmolejos] entered an open guilty plea [to, *inter alia*, attempted murder and assault of a law enforcement officer].  On November 8, 2010[,] the court imposed judgment of sentence upon [Marmolejos] to confinement in a

---

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

[s]tate [c]orrectional [f]acility for a minimum of [3]0 years to a maximum of [6]0 years . . .. [**See** N.T., 11/8/10, at 85; **see also** Disposition Sheet, 11/9/10. The trial court denied Marmolejos's post-sentence motion on May 10, 2011, and Marmolejos filed no direct appeal.]

* * * *

[Following two unsuccessful PCRA petitions over the years, o]n June 10, 2021 [Marmolejos] filed a third *pro se* [p]etition for [PCRA r]elief. [The PCRA court appointed counsel, who] filed a "no merit" letter[ pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), concluding, *inter alia*, that Marmolejos's petition was untimely, and no exceptions applied]. On April 1, 2022 following the issuance of [a] [n]otice of [i]ntent to [d]ismiss [Marmolejos's petition] without [a] hearing, the [PCRA] court entered an order dismissing [Marmolejos's] . . . petition. [Following the dismissal order, Marmolejos filed a facially untimely *pro se* response to the PCRA court's notice of intent to dismiss, pursuant to Pa.R.Crim.P. 907, but did not assert therein any exceptions to the PCRA's timeliness requirement under 42 Pa.C.S.A. § 9545(b)(1), but instead maintained the PCRA court possessed jurisdiction to correct an illegal sentence at any time.]

PCRA Court Opinion, 6/29/22, at 1-3 (footnote omitted). Following dismissal

of his PCRA petition, Marmolejos timely filed a *pro se* notice of appeal.[2] The

_____

[2] As stated above, the PCRA court dismissed Marmolejos's petition on April 1, 2022. Marmolejos had thirty days to file a notice of appeal. May 1, 2022 fell on a Sunday. Accordingly, Marmolejos had until May 2, 2022 to mail his notice of appeal. **See** 1 Pa.C.S.A. § 1908 (excluding weekends from time computations). Marmolejos's *pro se* notice of appeal was filed on May 9, 2022, and is thus facially untimely, since he filed it more than thirty days after the entry of the dismissal order. **See** Pa.R.A.P. 903(a) (providing that a notice of appeal shall be filed within thirty days after entry of the order from which the appeal is taken). In response to this Court's rule to show cause why his appeal should not be quashed as untimely, Marmolejos attached his inmate Monthly Account Statement showing that he paid postage on May 2, 2022. **See** Response to Rule to Show Cause, 6/27/22, at 12; **see also** Pa.R.A.P. 121(f)
*(Footnote Continued Next Page)*

- 2 -

J-S03045-23

PCRA court did not order Marmolejos to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), but the PCRA court nevertheless issued an opinion in support of its order pursuant to Rule 1925(a).

Marmolejos raises the following issues for our review:

1. Is [counsel] not . . . [i]neffective, as well a[s in] violation of the [Sixth] Amendment [] [r]ight to a [f]air [t]rial and [r]ight to a competent effective [a]ttorney, and [the] Article 1[,] § 9 of the Pennsylvania Constitution [r]ights of [the] accused in criminal prosecution to be protected throughout the entire [c]ourt process without bias, prejudice or coercion[,] whe[r]e [Marmolejos] has a right to withdraw his guilty plea in a timely fashion and be heard by the courts on his claims?

2. Did not the Pennsylvania Supreme Court [previously] hold []that the filing of an appellate brief which abandons all preserved issues in favor of unpreserved ones constitutes ineffective assistance of counsel *per se* . . . and [also] found counsel violated [a] defendant's rights . . . where [the defendant] request[ed] to withdraw guilty plea, [but] counsel filed [a m]otion [for] [r]econsideration instead?

Marmolejos's Brief at v.

_____

(providing that a *pro se* filing by an incarcerated person is deemed filed on the date it is delivered to prison authorities for mailing as documented by "reasonably verifiable evidence"). The Commonwealth "take no position on the determination of [the] timeliness of the appeal . . .." Commonwealth's Brief at 3 n.1. Therefore, we consider Marmolejos's appeal timely. **See Commonwealth v. Cooper**, 710 A.2d 76, 79 (Pa. Super. 1998) (providing that, "[w]here . . . the opposing party does not challenge the timeliness of the appeal and the prisoner's assertion of timeliness is plausible, we may find the appeal timely without remand").

J-S03045-23

Our standard of review of an order dismissing a PCRA petition is well-settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. 2018) (internal citation and quotations omitted). The PCRA petitioner "has the burden to persuade this Court that the PCRA court erred and that such error requires relief." *Commonwealth v. Wholaver*, 177 A.3d 136, 144–45 (Pa. 2018) (internal citations omitted).

We must initially determine whether the PCRA court had jurisdiction over Marmolejos's petition. Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1).[3] The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

_____

[3] A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

- 4 -

Pennsylvania courts may nevertheless consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth in section 9545(b)(1)(i)-(iii). A challenge to the legality of one's sentence does not allow him to evade the PCRA's timeliness requirements. ***See Commonwealth v. Woods***, 179 A.3d 37, 43 (Pa. Super. 2017). In other words, "although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Id***. (internal citation, quotation, and brackets omitted).

Here, the trial court denied Marmolejos's post-sentence motion on May 10, 2011. ***See*** Order, 5/10/11. Marmolejos filed no direct appeal; thus, his judgment of sentence became final thirty days later, *i.e.*, on June 9, 2011. ***See*** 42 Pa.C.S.A. 9545(b)(3) (stating that a judgment of sentence becomes final, *inter alia*, following the expiration of the time for seeking direct review); ***see also*** Pa.R.A.P. 903(a) (providing that a notice of appeal shall be filed within thirty days after entry of the order from which the appeal is taken); Pa.R.Crim.P. 720(a)(2)(a) (requiring that a notice of appeal be filed within thirty days of the entry of the order deciding a post-sentence motion). Marmolejos therefore had until June 11, 2012 to file a timely PCRA petition.

*See* 42 Pa.C.S.A. § 9545(b)(1).[4] Thus, Marmolejos's present PCRA petition, filed on June 10, 2021, is facially untimely.

Marmolejos acknowledges that the PCRA's timeliness requirements apply, *see* Marmolejos's Brief at 6, yet he does not explain in his appellate brief which exception to the PCRA's time-bar allegedly conferred jurisdiction on the PCRA court to entertain his facially untimely petition.[5] Marmolejos argues, presently, only that "this Court has jurisdiction to hear his meritable [sic] claims[,] as they have been/were completely abandoned as a result of 42 Pa.C.S.A. § 9545 Jurisdiction and proceedings." Marmolejos's Brief at 6 n.3.

_____

[4] June 9, 2012 fell on a Saturday. *See* 1 Pa.C.S.A. § 1908 (providing that weekends and holidays are excluded from time computations).

[5] We observe that in his latest *pro se* PCRA petition, Marmolejos asserted the following governmental interference exceptions to the PCRA's timeliness requirement, pursuant to 42 Pa.C.S.A. 9545(b)(1)(i): (1) trial counsel abandoned him in May 2011; and (2) PCRA counsel failed to raise trial counsel's ineffectiveness. *See* PCRA Petition, 6/10/21, at 3. Marmolejos further asserted an exception under 42 Pa.C.S.A. 9545(b)(1)(iii) in the form of an unspecified constitutional right with retroactive applicability. *See id*. Marmolejos's PCRA counsel explained that Marmolejos had not provided him any information "that would suggest that any of the instant claims qualify for him to plead any statutory exception under [section] 9545(b)(1)," and, accordingly, Marmolejos "is time-barred from raising the allegations contained in his third PCRA [petition." No-Merit Letter, 12/9/21, at 5. In his facially untimely *pro se* response to the PCRA court's notice of intent to dismiss, pursuant to Pa.R.Crim.P. 907, Marmolejos did not plead a specific timeliness exception, but instead maintained that the PCRA court has jurisdiction to correct an illegal sentence at any time. *See* Rule 907 Response, 4/4/22, at 3.

The PCRA court concluded that Marmolejos's "June 10, 2021 PCRA petition is untimely; [and, as he] did not allege or prove an exception under [section] 9545(b)(1)[,] . . . [t]his court had not jurisdiction to consider the PCRA petition." PCRA Court Opinion, 6/29/22, at 5.

Following our review, we conclude that the PCRA court's order is supported by the record and free of legal error, because Marmolejos failed to demonstrate, both below and now on appeal, that an exception to the PCRA's timeliness requirement applies. Marmolejos has thus failed to meet his burden of persuading this Court that the PCRA court erred in dismissing his *pro se* petition. **See Wholaver**, 177 A.3d at 144–45.[6] Therefore, because the PCRA court lacked jurisdiction to entertain his PCRA petition, Marmolejos is due no relief. **See Albrecht**, 994 A.2d at 1093.[7]

Order affirmed.

_____

[6] To the extent that Marmolejos argues, consistently with his Rule 907 response, that the PCRA court had jurisdiction over his petition because it contained a challenge to the legality of his sentence, we reiterate that a challenge to the legality of one's sentence does not allow him to evade the PCRA's timeliness requirements. **See Woods**, 179 A.3d at 43.

[7] As noted above, neither the PCRA court nor this Court have jurisdiction to entertain the merits of Marmolejos's untimely petition. **See**, **e.g.**, **Commonwealth v. Woolstrum**, 271 A.3d 512, 513 (Pa. Super. 2022) (providing that "[i]f a PCRA petition is untimely, courts lack jurisdiction over the petition") (internal citations omitted). Accordingly, we do not reach the substantive merits of Marmolejos's appellate issues.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/13/2023