J-S36008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEFFREY WATSON | : | |
| | : | |
| Appellant | : | No. 402 EDA 2023 |

Appeal from the PCRA Order Entered February 3, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0439251-1985

BEFORE: BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY BOWES, J.: **FILED NOVEMBER 1, 2023**

Jeffrey Watson appeals *pro se* from the order dismissing as untimely his subsequent petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We vacate and remand for further proceedings.

This case stems from a 1985 bar stabbing whereby Appellant killed an individual and was charged with, *inter alia*, three types of homicide: first-degree murder, third-degree murder, and voluntary manslaughter. A jury convicted him of first-degree murder, possessing instruments of crime, and aggravated assault. **See** Verdict Sheet, 1/9/86 (indicating "guilty of murder in the first degree" as the verdict for Appellant's general homicide charge). After unsuccessfully pursuing relief on direct appeal, his judgment of sentence

of life imprisonment became final in 1988. Subsequently, he sought relief through multiple PCRA proceedings, once again to no avail.[1]

On July 22, 2020, Appellant received a sentence status summary from the Department of Corrections ("DOC") indicating for the first time that he had also been convicted of voluntary manslaughter. Appellant contacted the DOC and the Philadelphia clerk of courts to correct this error. In December of 2020, the clerk of courts furnished Appellant with a docket that referenced a guilty verdict for voluntary manslaughter and merger with his first-degree murder conviction for sentencing purposes. All prior versions of Appellant's docket had reflected a not guilty verdict for voluntary manslaughter.

Appellant *pro se* filed the instant PCRA petition on November 30, 2021. Arguing that the trial court had recognized that the victim had provoked Appellant, he suggested that he should only be sentenced on the voluntary manslaughter charge instead of first-degree murder. On December 19, 2022, the PCRA court filed notice of its intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907, because it concluded that the petition was untimely. Appellant responded, alleging his petition was timely because he had filed it within one year of learning about the docket entry evidencing the voluntary manslaughter conviction and merger.

---

[1] We note that since the case file for this matter is missing, we are limited to the reconstructed record and prior memoranda from this Court. Although limited, this circumstance does not hamper our review.

Before the PCRA court considered Appellant's response, he filed the instant appeal.[2] Thereafter, the PCRA court dismissed Appellant's PCRA petition as untimely.[3] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. Appellant presents a single issue for our review:

> Whether or not the lower court erred in denying [Appellant's] post conviction relief based on timeliness of appeal, since the facts presented were unknown to [Appellant]. [Appellant] was kept unaware that an additional charge was included in his docket since sentencing, but this information was not made available to the defendant until such a time that was less than one year from the time of [Appellant's] filing for post conviction relief. Can [Appellant] legally receive and maintain two different charges for the same offense, or can this illegal sentence be allowed to continue? One entry recognizes the lack of premeditation that is the foundation of the other entry. Since there is **one** homicide, not two, how can two homicide charges, even when "merged", be allowed to coexist?

Appellant's brief at 4 (cleaned up).

Prior to reaching the underlying merits of Appellant's PCRA claim, we must first determine whether his petition was timely filed, as neither this Court nor the PCRA court has jurisdiction over an untimely PCRA petition. ***See***

---

[2] Since the notice of appeal was filed before the entry of a final order on the docket, this Court issued an order directing Appellant to show cause as to why the appeal should not be quashed. We subsequently discharged the order and referred the matter to this panel. Upon review, "[a]lthough initially premature when filed, we need not quash Appellant's appeal" as the PCRA court thereafter dismissed the petition. ***Commonwealth v. Swartzfager***, 59 A.3d 616, 618 (Pa.Super. 2012) (citing Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof")). The docket has been corrected to reflect that the appeal properly lies from the final order entered on February 3, 2023.

[3] Appellant filed a second notice of appeal following the entry of the final order. We dismissed that appeal as duplicative of the instant appeal.

- 3 -

*Commonwealth v. Woolstrum*, 271 A.3d 512, 513-14 (Pa.Super. 2022).

To be considered timely, a PCRA petition must be filed within one year of when the petitioner's judgment of sentence becomes final. *See* 42 Pa.C.S. § 9545(b)(1). As Appellant's judgment of sentence became final in 1988, his 2021 petition is facially untimely. Therefore, Appellant needed to plead and prove one of the timeliness exceptions set forth in § 9545(b)(1)(i-iii), within one year of the date of when the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(2).

Appellant did not explicitly address the PCRA's time-bar in his PCRA petition, but did plead facts demonstrating that he filed the petition within one year of learning about the new docket entry.[4] Moreover, he expressly invoked the newly-discovered fact exception in his response to the PCRA court's Rule 907 notice. Thus, Appellant raised the exception within the PCRA proceedings below, and we will consider whether Appellant has successfully proven that exception. *Accord Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa.Super. 2007) (holding that "exceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal").

Our Court has held as follows with regard to the newly-discovered fact exception:

> The newly-discovered facts exception set forth in [§] 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not

---

[4] We observe that the form petition Appellant filled out did not include any prompts regarding the timeliness exceptions.

have learned those facts earlier by the exercise of due diligence. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

As an initial jurisdictional threshold, [§] 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim.

Thus, the "new facts" exception at [§] 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim.

*Commonwealth v. Reeves*, 296 A.3d 1228, 1232 (Pa.Super. 2023) (cleaned up).

Appellant alleged that he learned of the new fact, that the docket was changed to reflect a finding of guilt at the voluntary manslaughter charge, on December 30, 2020, when the Philadelphia clerk of courts responded to his inquiry and provided him with the new docket. While the Commonwealth is correct that Appellant first learned something was amiss on July 22, 2020, when he received the summary from the DOC, he did not know that the docket itself had been changed until December. Appellant could not have learned this fact earlier by the exercise of due diligence because it would be impossible to anticipate the docketing mistake. Moreover, he promptly inquired about the error on his DOC sentence summary shortly after receiving it. Thus, we determine that Appellant's November 2021 petition was filed within one year of the date the claim could have been presented pursuant to § 9545(b)(2), and the PCRA court erred in dismissing the petition as untimely.

Turning to the merits of Appellant's claim, we cannot agree with Appellant's contention that his culpability for the underlying homicide should be characterized solely as voluntary manslaughter. ***See*** Appellant's brief at 13. It is apparent from the reconstructed record that the jury convicted Appellant of first-degree murder, not voluntary manslaughter. Therefore, he is entitled to have the docket corrected to reflect the proper homicide conviction and sentence. Indeed, even the Commonwealth agrees that Appellant is entitled to have the docket corrected in that regard. ***See*** Commonwealth's brief at 8. Accordingly, we vacate the order dismissing Appellant's PCRA petition and remand for further proceedings to correct the patent error on Appellant's docket.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date:  11/01/2023