J-A25045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES R. TURNER JR. | : | |
| | : | |
| Appellant | : | No. 330 WDA 2023 |

Appeal from the PCRA Order Entered March 1, 2023
In the Court of Common Pleas of Beaver County Criminal Division at
No(s):  CP-04-CR-0001944-2014

BEFORE:   BOWES, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: APRIL 22, 2024**

Appellant, James R. Turner Jr., appeals *pro se* from the order entered March 1, 2023 in the Beaver County Court of Common Pleas, which dismissed his third petition filed pursuant to the Post Conviction Relief Act (PCRA)[1] without a hearing as untimely.  We affirm.

On February 12, 2016, a jury convicted Appellant of third-degree murder for stabbing his girlfriend to death in August 2014.  On March 3, 2016, the trial court sentenced Appellant to 20 to 40 years' imprisonment.  Appellant filed a post-sentence motion, which the trial court denied on November 2, 2016.  Appellant's trial counsel timely filed a notice of appeal on Appellant's

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

behalf, but Appellant withdrew the appeal on December 9, 2016. Docket Entries at 25.

In 2017, Appellant filed a timely first PCRA petition asserting claims of ineffectiveness of his trial counsel in failing to preserve physical evidence and present witnesses, in failing to object to testimony of an expert witness and inadequately cross-examining him, and in failing to request certain jury instructions. PCRA Court Opinion, 1/30/18, at 19-20. The PCRA court held hearings on this PCRA petition in September 2017 and denied that PCRA petition on January 30, 2018. Appellant appealed and this Court affirmed the denial of Appellant's first PCRA petition on March 11, 2019. ***Commonwealth v. Turner***, 215 A.3d 633 (Pa. Super. 2019) (table).

On February 7, 2022, over five years after he discontinued his direct appeal, Appellant filed a second, *pro se* PCRA petition asserting that one of the jurors that was seated on his jury, Juror 12, was a teacher at the high school that one of the assistant district attorneys prosecuting Appellant's case attended in 1997, that the assistant district attorney had been one of her students, and that his trial counsel was ineffective by not questioning Juror 12 about her potential bias from that relationship to one of the prosecutors. 2022 PCRA Petition; ***Commonwealth v. Turner***, No. 529 WDA 2022, slip op. at 2 (Pa. Super. October 7, 2022) (unpublished memorandum). The PCRA court dismissed this second PCRA petition as untimely on March 17, 2022. Appellant

appealed, and this Court on October 7, 2022 affirmed the dismissal. *Id.* at 6-7.

On January 17, 2023, Appellant filed the instant *pro se* PCRA petition, his third, asserting the same claim concerning Juror 12 and trial counsel's ineffectiveness in not questioning her concerning her teacher-student relationship to one of the prosecutors and her possible bias from that relationship. 2023 PCRA Petition at 4-14. On January 20, 2023, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss this PCRA petition without a hearing on the ground that it was untimely. Appellant filed a response to the Rule 907 notice in which he asserted that his 2023 PCRA petition was timely under the time-bar exceptions for government interference and newly discovered facts. On March 1, 2023, the PCRA court dismissed the 2023 PCRA petition.

Appellant timely appealed this order. We review the PCRA court's dismissal of Appellant's 2023 PCRA petition to determine whether its decision is supported by the record and free of legal error. *Commonwealth v. Kennedy*, 266 A.3d 1128, 1132 (Pa. Super. 2021); *Commonwealth v. Pew*, 189 A.3d 486, 488 (Pa. Super. 2018).

The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A PCRA petition may be

filed beyond that one-year time period only if the defendant pleads and proves one of the following three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* These exceptions can apply only if the defendant filed the PCRA petition "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). The PCRA's time limit is jurisdictional, and a court may not ignore it and reach the merits of an untimely PCRA petition. ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017); ***Commonwealth v. Woolstrum***, 271 A.3d 512, 513 (Pa. Super. 2022); ***Pew***, 189 A.3d at 488.

Appellant's judgment of sentence became final on December 9, 2016, when he withdrew his appeal to this Court. 42 Pa.C.S. § 9545(b)(3); ***Woolstrum***, 271 A.3d at 514. Appellant's 2023 PCRA petition was filed more than six years after the judgment became final and was therefore untimely unless Appellant alleged and proved one of the three limited exceptions set forth in Sections 9545(b)(1)(i)-(iii) and that he filed the PCRA petition within one year after he first could have done so. Appellant argues that the 2023

PCRA petition is timely because he satisfied both the Section 9545(b)(1)(i) exception for government interference and Section 9545(b)(1)(ii)'s exception for newly discovered facts. Neither of these contentions has merit.

Appellant's sole claim of government interference is that Juror 12's name was allegedly not disclosed at trial and that lack of knowledge of her identity prevented him from timely asserting this PCRA claim. Appellant's Brief at 10-12. This contention fails because the record establishes that Juror 12's name was in fact disclosed at trial. Although Juror 12's name was not stated on the record during *voir dire*, N.T. Trial, 2/5/16, at 283-310, the trial transcript shows that her name was announced on the record, along with the names of all the other selected jurors, immediately after the completion of jury selection. *Id.* at 424-25.[2] Appellant therefore failed to show any government interference with assertion of his claim concerning Juror 12.

The newly discovered facts exception to the PCRA's time bar likewise cannot make Appellant's 2023 PCRA petition timely. This exception applies only where the defendant shows both that he did not know the facts upon which he bases his PCRA petition and that he could not have learned of those facts earlier by the exercise of due diligence. 42 Pa.C.S. § 9545(b)(1)(ii); ***Commonwealth v. Reeves***, 296 A.3d 1228, 1232-33 (Pa. Super. 2023);

---

[2] Indeed, even if her name had not appeared in the transcript, that would not show that her name was not disclosed, as it would not show that her name was omitted from her jury questionnaire or from other information provided to Appellant's counsel concerning the jury panel.

*Commonwealth v. Sanchez*, 204 A.3d 524, 526 (Pa. Super. 2019). Appellant did not satisfy either of these requirements.

The only purported "new facts" concerning Juror 12's alleged bias set forth in his PCRA petition were that the prosecutor in question attended the high school at which Juror 12 taught during the years 1994 through 1997 while she was teaching there and that the school's yearbooks have pictures of him as a student and separate pictures of her as a teacher at the school throughout that four-year period, 19 to 22 years before Appellant's trial. 2023 PCRA Petition at 6-7 & attached Affidavit of Malik Turner & Exs. 2, 3.[3] That is not new information of any significance, as the record shows that Appellant was told before Juror 12 was questioned that the prosecutor was one of Juror 12's students at the school at which she taught. N.T. Trial, 2/5/16, at 306. Appellant therefore failed to show that "the facts upon which the claim is predicated were unknown to [him]." 42 Pa.C.S. § 9545(b)(1)(ii).

Moreover, even if the recently discovered information concerning Juror 12 and the prosecutor were new information, it would be insufficient to satisfy

_____

[3] Although Appellant alleges in his PCRA petition that the yearbooks show Juror 12 "together with" the prosecutor, "details of a relationship connecting her to" the prosecutor, and an "interactive and situational relationship" between them, 2023 PCRA Petition at 6, 11-12, any claim that the yearbooks show more than the fact that Juror 12 taught at the school while the prosecutor was a student there is contradicted by the yearbook pages attached to his petition and the affidavit of the person who discovered the "new facts," which show only separate pictures of them and state only that Juror 12 taught at the school while the prosecutor was there. *Id.* Affidavit of Malik Turner & Exs. 2, 3.

Section 9545(b)(1)(ii)'s exception for newly discovered facts unless Appellant also alleged and proved timely efforts to obtain the information or inability to obtain the information earlier despite the exercise of due diligence. *Sanchez*, 204 A.3d at 526-27; *Pew*, 189 A.3d at 489-90. Here, it is clear from the record that Appellant could have discovered the allegedly new information long before 2022 if he had made any effort to do so. Appellant had ample knowledge at the time of trial from which the yearbooks in question could easily be found, as Juror 12's name, the school at which she taught, the years that she taught there, and the course and grades that she taught were all set forth on the record at Appellant's trial. N.T. Trial, 2/5/16, at 284, 297-98, 425. Indeed, Appellant's 2023 PCRA petition states that the information that he learned in 2022 concerning Juror 12's teacher-student relationship with one of the prosecutors was easily discoverable by an internet search using the information from his trial transcript concerning the school at which she taught and the subject that she taught. 2023 PCRA Petition at 6 & Affidavit of Malik Turner. Appellant made no allegations in his 2023 PCRA petition that he made any timely efforts to discover any further information concerning Juror 12 or her relationship to the prosecutor, that he requested that anyone make such efforts for him before 2022, or that he could not have discovered such information earlier if he had acted with diligence.

Because Appellant did not satisfy the time-bar exceptions of Sections 9545(b)(1)(i) and (ii) of the PCRA, his 2023 PCRA petition, filed more than six

years after his judgment of sentence became final, was barred as untimely. We therefore affirm the trial court's dismissal of Appellant's 2023 PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

FILED: 4/22/2024