J-S44044-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVON JERMAINE COLLINS | : | |
| | : | |
| Appellant | : | No. 1930 EDA 2023 |

Appeal from the PCRA Order Entered July 5, 2023
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0001205-2000

BEFORE: OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED JULY 17, 2024**

Davon Jermaine Collins, *pro se*, appeals from the order dismissing his seventh petition filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S. §§ 9541–9546. We affirm.

As stated by a prior panel of this Court:

On November 29, 2001, Collins was convicted in a non-jury trial of first-degree murder and other offenses. On January 24, 2002, the court sentenced Collins to a term of life imprisonment for first-degree murder, ten to twenty years' imprisonment for kidnapping, and one to two years' imprisonment for abuse of a corpse, the latter two sentences to run consecutively to each other, but concurrently with Collins's life sentence.

On appeal, this Court affirmed his judgment of sentence. **Commonwealth v. Collins**, 817 A.2d 1174 (Pa. Super. 2002) (unpublished memorandum). The Pennsylvania Supreme Court denied Collins's petition for allowance of appeal on July 10, 2003. **Commonwealth v. Collins**, 827 A.3d 429 (Pa. 2003). Collins did

_____

[*] Retired Senior Judge assigned to the Superior Court.

not file a petition for writ of *certiorari* to the United States Supreme Court. Therefore, his judgment of sentence became final on or about October 8, 2003, after the ninety-day time period for filing such a petition expired. ***See*** U.S.Sup.Ct.R. 13.

***Commonwealth v. Collins***, 158 A.3d 184, 3267 EDA 2015 at * 2 (Pa. Super., filed September 22, 2016) (unpublished memorandum). Of particular relevance here, we note that Collins signed a document prior to trial waiving his right to be tried before a jury. ***See*** Waiver of Jury Trial Form, 9/20/01 (establishing, *inter alia*, that Collins's attorney "fully explained" his "right of trial by jury[]" and "fully explained the legal issues [and] questions of law[ ] that have arisen in [his] case[]").

Collins filed the instant PCRA petition, titled as a writ of *habeas corpus*, on April 24, 2023. The lower court treated Collins's filing as a PCRA petition, ***see Commonwealth v. Taylor***, 65 A.3d 462, 465 (Pa. Super. 2013),[1] and ultimately dismissed it without a hearing.

Collins timely appeared this dismissal. We review the PCRA court's dismissal of Collins's current PCRA petition to determine whether its decision is supported by the record and free of legal error. ***See Commonwealth v. Kennedy***, 266 A.3d 1128, 1132 (Pa. Super. 2021); ***Commonwealth v. Pew***, 189 A.3d 486, 488 (Pa. Super. 2018).

The PCRA mandates that "[a]ny petition under this subchapter,

_____

[1] Collins does not argue in this appeal that the PCRA court erred in concluding that his filing fell under the auspice of the PCRA.

including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A PCRA petition may be filed beyond that one-year time period only if the defendant pleads and proves one of the following three exceptions contained set forth in that statute. *Id.* Collins invokes the second time-bar exception, which requires a petitioner to plead and prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned of the new fact(s) earlier with the exercise of due diligence." *Commonwealth v. Myers*, 303 A.3d 118, 121-22 (Pa. Super. 2023).

A petitioner seeking to invoke a PCRA time-bar exception must file his petition "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). The PCRA's time limit is jurisdictional, and a court may not ignore it and reach the merits of an untimely PCRA petition. *See Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017); *Commonwealth v. Woolstrum*, 271 A.3d 512, 513 (Pa. Super. 2022); *Pew*, 189 A.3d at 488.

As indicated, *supra*, and confirmed by the record, Collins's judgment of sentence became final on October 8, 2003. As such, his 2023 PCRA petition, having been filed some twenty years after that operative date, is patently untimely unless he has alleged and proved one of the three exceptions to the

PCRA's time-bar.

In his PCRA petition, Collins avers that he is being "unlawfully detained due to the procedure used to waive a Sixth Amendment [r]ight to a trial by jury." PCRA Petition, 4/24/23, at 2. In particular, while alleging that he learned about it for the first time in March 2023, Collins contends that the 2001 document establishing his waiver of the right to a jury trial "did not meet the requirements to waive [such a right]." *Id*., at 3. Collins claims that the lower court violated Pennsylvania Rule of Criminal Procedure 620, the operative section that delineates the process for waiver of a jury trial. Collins finds fault with the waiver document he signed insofar as it concedes a lack of "factual issues upon which a jury of [his] peers could be in doubt." Waiver of Jury Trial Form, 9/20/01. To Collins, "[t]his statement basically conveys that a jury would find [him] guilty. However, there was no mentioning that 12 jurors of the community would have to unanimously agree." PCRA Petition, 4/24/23, at 4.

In his brief, Collins deviates from the allegations of his petition by framing the issue as a question of ineffective assistance of counsel. He argues that our Supreme Court's holding in **Commonwealth v. Gamboa-Taylor**, 753 A.2d 780 (Pa. 2000), that discovery of prior counsel's ineffectiveness is not a new fact for the purpose of the PCRA time-bar, "must be overruled[]". Appellant's Brief, at 8. As best can be determined, Collins faults his trial

counsel "for failure to preserve a substantive claim" that he only recently learned about after reviewing his jury trial waiver form. *Id*., at 20.

Collins acknowledges that on September 18, 2001, he "signed a document titled [W]aiver of Jury Trial." PCRA Petition, 4/24/23, at 4. As such, the document's contents, establishing his unqualified assent to waiving his right to a jury trial, would inherently have been known to him over two decades before he filed the instant petition. Therefore, it is entirely unclear what "unknown facts" Collins is advancing in his attempt to surmount the PCRA's time-bar. To the extent Collins claims the waiver form did not comport with Pennsylvania Rule of Criminal Procedure 620, he fails to demonstrate how that asserted deficiency constitutes an "unknown fact" rather than a legal conclusion. Moreover, although he contends that he only recently learned about the apparent disconnect between his waiver and Rule 620, Collins provides no evidence of the due diligence that he employed over the past twenty years or any explanation as to why such a claim could not have been brought earlier.

As Collins failed to satisfy Section 9545(b)(1)(ii), the only time-bar exception he has argued in this appeal, his 2023 PCRA petition, filed approximately twenty years after his judgment of sentence became final, was correctly barred as untimely. Accordingly, we affirm the lower court's order dismissing that petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date:  7/17/2024