J-S41032-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CARLOS SAUL MOCTEZUMA | : | |
| | : | |
| Appellant | : | No. 87 EDA 2024 |

Appeal from the PCRA Order Entered November 28, 2023
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001355-2003

BEFORE: MURRAY, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED MARCH 18, 2025**

Carlos Saul Moctezuma ("Moctezuma") appeals from the order dismissing as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court summarized the factual and procedural history of this case as follows:

> [I]n July [] 2004, [Moctezuma] was found guilty after a jury trial of murder of the first degree, robbery, and conspiracy to commit robbery in connection with the shooting death of Jasper Watts [("Watts")].  [] Watts was shot in the back of his head and was discovered inside 821 Turner Street in Allentown. [Moctezuma] was identified and convicted of being the person who did the killing.  A jury could not agree on the death penalty, and [i]n August [] 2004, [Moctezuma] was sentenced to life imprisonment for the murder, and consecutive sentences of ten (10) to twenty (20) years for the robbery and conspiracy to commit robbery charges.

_____

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[Moctezuma's] conviction has subsequently been reviewed multiple times. [On direct appeal, our Supreme Court denied *allocatur* in August 2006, and Moctezuma filed no petition for writ of *certiorari* with the U.S. Supreme Court.] His judgment of sentence was affirmed, and his three [] previous PCRA petitions have been dismissed.

[Moctezuma's] current PCRA appeal [from the dismissal of his September 2023 serial petition] does not dispute that he shot and killed [] Watts. Instead, [Moctezuma] attempts to argue[, based on an affidavit by psychologist Laurence Steinberg, PhD ("Dr. Steinberg,")] that the development and impulsivity of the adolescent brain entitles him, even as an adult killer ([he] was 19 [when he killed Watts]), to a new sentencing hearing, and to have his sentence of life imprisonment vacated. His argument [for why the petition is not untimely] [was] couched under the [timeliness exception] of newly-discovered facts . . ..

[Based on a finding that Moctezuma failed to establish the newly-discovered facts exception to the PCRA's timeliness requirement, t]his current PCRA petition was dismissed as untimely on November 28, 2023. A notice of appeal was filed on December 19, 2023. Pursuant to th[e c]ourt's directive, [Moctezuma] filed a Pa.R.A.P. 1925(b) [concise s]tatement . . . raising the same [arguments] found in his PCRA petition.

PCRA Ct. Op., 2/7/24, at 2 (footnotes and unnecessary capitalization omitted).

The PCRA court issued a responsive Rule 1925(a) opinion.

Moctezuma raises the following issues for our review:

1. Did the lower court erroneously determine that [Moctezuma] failed to demonstrate that he exercised due diligence in securing the affidavit of Dr. Steinberg when he invoked the newly-discovered facts exception to the time-bar pursuant [to] 42 Pa.C.S.A. § 9545 (b)(1)(ii)?

2. Whether the mandatory life without parole sentence imposed upon [Moctezuma,] who was 19 years old at the time of the offense for which he was charged[,] violate Article 1, [S]ection 13 of the Pennsylvania Constitution's cruel punishments prohibition in light of his attendant characteristics of youth?

Moctezuma's Br. at 2.

Our standard of review of an order dismissing a PCRA petition is well-settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

**Commonwealth v. Staton**, 184 A.3d 949, 954 (Pa. 2018) (internal citation and quotations omitted). The PCRA petitioner "has the burden to persuade this Court that the PCRA court erred and that such error requires relief." **Commonwealth v. Wholaver**, 177 A.3d 136, 144–45 (Pa. 2018) (internal citations omitted). Further, "it is well settled that this Court may affirm a valid judgment or order for any reason appearing as of record." **Id**. at 145 (internal citation omitted). **See also Commonwealth v. Towles**, 300 A.3d 400, 417 (Pa. 2023).

In his first issue, Moctezuma argues the PCRA court erred in dismissing his petition as untimely because he satisfied the newly-discovered fact exception. Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues

raised if the PCRA petition was not timely filed. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010); **see also Commonwealth v. Woolstrum**, 271 A.3d 512, 513 (Pa. Super. 2022) (providing that "[i]f a PCRA petition is untimely, courts lack jurisdiction over the petition") (internal citations omitted). Pennsylvania courts may nevertheless consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth in section 9545(b)(1)(i)-(iii), and he filed his PCRA petition invoking a timeliness exception within one year of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(2).

The newly-discovered facts exception in section 9545(b)(1)(ii) provides that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii). The focus of the newly-discovered facts exception is on new facts; therefore, the discovery of new sources for previously known facts will not establish a timeliness exception. **See Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008). Due diligence demands that the petitioner take reasonable efforts to protect his own interests and explain why he could not have learned the new facts earlier despite such efforts. **See Commonwealth v. Medina**, 92 A.3d 1210, 1216 (Pa. Super. 2014) (*en banc*); **see also Commonwealth v. Sanchez**, 204 A.3d 524, 527 (Pa. Super. 2019) (concluding the petitioner had failed to show due diligence where he did not explain how the facts "could not have been

ascertained sooner by the exercise of due diligence"). The petitioner's inability to ascertain a fact by the exercise of due diligence is a factual question for the PCRA court. *See Commonwealth v. Branthafer*, 315 A.3d 113, 128 (Pa. Super. 2024). Any PCRA petition invoking an exception under section 9545(b)(1) "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2); *see also Commonwealth v. Williamson*, 21 A.3d 236, 242 (Pa. Super. 2011) (holding that "a petitioner invoking section 9545(b)(1)[] *must still comply with section 9545(b)(2)* by presenting the claim within [one year] of discovering the new fact") (internal citations omitted, emphasis in original).

Moctezuma maintains that in September 2023, an inmate incarcerated at the same facility gave him a copy of an affidavit by Dr. Steinberg about the development of the adolescent brain in which Dr. Steinberg presents research supporting the claim that the adolescent brain continues to develop into one's twenties. *See* Moctezuma's Brief at 8-9. Moctezuma asserts that only after reading Dr. Steinberg's affidavit did he discover that there is research suggesting that there is no meaningful difference between the brains of minors and those between eighteen and twenty-one years old. *See id*. at 9. After learning of Dr. Steinberg's affidavit in September 2023, Moctezuma filed the instant PCRA petition later that month. *See id*. at 10.[2] Moctezuma notes that

_____

[2] While the PCRA petition is docketed in October 2023, Moctezuma's envelope containing the *pro se* petition is postmarked September 27.

while Dr. Steinberg's affidavit was filed in an unrelated Massachusetts case in 2019, it was only in July 2022 that the Massachusetts Superior Court entered a decision; and he (Moctezuma) could not have discovered the case because cases from states other than Pennsylvania are not available to him in the prison, and he is unrepresented by counsel. *See id*. at 15. He argues he could not have discovered the facts contained in the affidavit any earlier than September 2023.

The PCRA court considered Moctezuma's arguments and rejected them. Specifically, the court tacitly concluded the facts and conclusions contained in Dr. Steinberg's affidavit were not new because arguments based on the same have been rejected by this Court in, for example, *Commonwealth v. Rodriguez*, 174 A.3d 1130, 1147 (Pa. Super. 2017) and *Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016). *See* PCRA Ct. Op., 2/7/24, at 4-5. The court also concluded that Moctezuma failed to plead due diligence.

Based on our review, we affirm the PCRA court, though our holding rests on different grounds than the PCRA court's disposition.[3] Initially, we emphasize there is no dispute that Moctezuma's present petition, filed in 2023, over seventeen years after our Supreme Court denied *allocatur* on direct

---

[3] *See Towles*, 300 A.3d at 417 (this Court may affirm a valid order on any grounds appearing as of record).

appeal, is untimely on its face.[4]  Next, we note that the PCRA court correctly observed that arguments and "neuroscientific theories regarding immature brain development" have been around prior to Dr. Steinberg's affidavit, as demonstrated in this Court's decision in **Furgess**, 149 A.3d at 94 (rejecting the claim that a defendant, convicted for a murder committed at the age of nineteen, should be treated the same as a juvenile because of neurological similarities).  Indeed, Moctezuma's prior PCRA petition, filed in August 2012, raised similar claims to those at issue here, and previously rejected by this Court, when he asserted, "Science does support that the operation and full function of the brain does not kick in until the mid- or late 20's and [he] was 19 at the time of the offense." PCRA Pet., 8/27/12, unnumbered at 4.[5]  Thus, Moctezuma has failed to show that the theories contained in Dr. Steinberg's affidavit were newly-discovered facts (even if the affidavit itself was a newly-discovered source).  **See Marshall**, 947 A.2d 720 (noting that the newly-discovered fact exception applies to facts, not sources); **Sanchez**, 204 A.3d

_____

[4] Our Supreme Court denied review on August 23, 2006; accordingly, Moctezuma had until ninety days later to petition the U.S. Supreme Court for a writ of *certiorari*, which he did not do.  Thus, Moctezuma's judgment of sentence became final on November 21, 2006.  **See**, **e.g.**, **Commonwealth v. Harris**, 972 A.2d 1196, 1202 (Pa. Super. 2009).

[5] Further, Dr. Steinberg cites in his affidavit literature from, *inter alia*, 2008, 2009, 2010, 2011, 2012, 2015, 2014, 2016.  **See** Mem. of Law Supporting Petition for PCRA Relief, 10/2/23, Ex. A, at ¶¶ 18-29 and accompanying notes. Moctezuma does not address these studies Dr. Steinberg cited that predate his affidavit by years.

at 527 (noting that a petitioner is required to show how the newly-discovered facts could not have been ascertained sooner with the exercise of due diligence). For these reasons, we discern no error in the PCRA court's finding that Moctezuma failed to plead the newly-discovered fact exception to the PCRA's jurisdictional time-bar. *See Woolstrum*, 271 A.3d at 513 (stating that courts lack jurisdiction over untimely PCRA petitions). Accordingly, we affirm.[6]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/18/2025

---

[6] Based on our disposition that the PCRA court lacked jurisdiction to entertain the merits of Moctezuma's petition, we need not reach his second issue asserting errors relating to the merits of the petition.

- 8 -